DUNCAN McDERMID *vs.* CHARLES McGREGOR, impleaded with Horace Austin.

October 27, 1874.

Specific Performance—Time how Regarded in Equity.—This is an action to compel specific performance, by the vendor, of a contract to convey real estate. *Held,* that the facts, (as set out at length in the opinion,) clearly establish gross negligence on the side of the plaintiff, both in executing his part of the agreement, and in applying for relief. As to the plaintiff's long continued failure to make payment of the purchase money, *held,* that the case is one in which, (although time may not have been of the essence of the contract,) it is proper for a court of equity to have regard to time as it respects the good faith and diligence of the plaintiff.

Same—Rule where the party seeking relief has acquiesced in the other party's refusal to perform.—As to plaintiff's failure to apply sooner for relief, the rule

is that where, (as in this instance,) one party to the contract gives notice to the other that he will not perform it, acquiescence in this by the other party, (not being in possession,) by a comparatively brief delay in enforcing his right by an appeal to the courts, will be a bar.

**Same—Rule where party seeking relief has been guilty of laches or of a lack of good faith.**—When either party to a contract for the sale of real estate fails or refuses to claim or act under the contract, for such a length of time, and under such circumstances, as to give just ground for believing that he has waived or abandoned the sale or purchase, and especially when, in addition, the facts justify the belief that his intention was to perform, only, (if at all,) in case it suited his interest, a court of equity will not aid him.

**Same—Refused.**—Application of these rules to the facts of this case, and a specific performance denied.

Action for specific performance. The defendant Austin demurred to the complaint; the defendant McGregor answered; and the issues of fact were tried before *Hanscome*, J., without a jury, resulting in a judgment for the defendant McGregor, from which the plaintiff appeals.

*Cox & Gronlund*, for appellant.

*S. L. Pierce* and *J. Newhart*, for respondent.

BERRY, J. The return on file in this appeal contains what appear to be minutes of testimony taken by the court or clerk below, but no settled case. The paper book contains what purports to be a settled case, which is not found in the return, and which not only does not assume to contain all the evidence received, but in fact omits much important matter found in the minutes of testimony, and, as we infer from the findings, much that was considered by the court below. Under these circumstances, it is not for this court to enquire whether the findings of fact are justified by the evidence, but only whether they support the conclusions of law and the judgment.

It appears that on July 14, 1868, the defendant Austin, being owner of a certain tract of land, bargained the same to plaintiff for five hundred dollars. Two hundred dollars were paid in hand, Austin thereupon executing a bond conditioned for the conveyance of the land to plaintiff, upon payment of plaintiff's three promissory notes, payable respectively in one, two and three years. Shortly after

the execution of the bond, plaintiff went into possession, began to make improvements, and continued to improve and cultivate down to, but not after, the fall of 1871. He, however, erected no buildings, nor did he ever permanently reside upon the land. As early as February, 1872, having first sold the fence upon the premises to defendant McGregor and other parties, plaintiff left the premises, and since so leaving has not been in possession thereof; neither has he sought to exercise any control or authority over the same. The first note, together with the first year's interest upon the second and third notes, was paid in June, 1869. On February 27, 1872, plaintiff mailed to Austin a postal order for $40, which Austin, on March 2, 1872, returned in a letter, in which he says, "Learning, soon after seeing your brother here last month, that you had abandoned my land, (after having stripped it of all its fencing,) I took possession of it, and can not now consent to take a part of the overdue interest, and allow the matter to run along for years, as in the past. I regard the contract as cancelled, and return the order." On May 7, 1872, Austin conveyed the premises to McGregor, who paid therefor $500 in hand, besides $51 for taxes due. McGregor took peaccable possession of the premises under his deed, built a house thereon and made other improvements, all at an expenditure of $600, and was in possession of the premises at the date of this action.

Without entering into detail, we are of opinion that upon the facts found by the court below, McGregor, at the time of his purchase, must be taken to have had notice of the plaintiff's rights in and to the premises in question, sufficient to put him upon enquiry. The plaintiff had knowledge of McGregor's purchase within three days thereafter, knew that McGregor had built a house upon the land and was improving it, but made no further claim to the same, or any remonstrance, either to McGregor or Austin, until he brought this action, in March, 1873, which was more than a year after the above letter was sent to him.

When this action was brought, no part of the principal or interest of the second or third notes had been paid, or offered to be paid, except as before mentioned. As to the second note, the plaintiff was in default July 17, 1870, over nineteen months before Austin's letter notifying him that he regarded the bond as cancelled, over twenty-one months before the conveyance to McGregor and over thirty-one months before the commencement of this action. As to the third note, plaintiff was in default July 17, 1871. No extension of time for payment appears to have been granted. The value of the premises at the time of McGregor's purchase was $800, the value of improvements made by plaintiff (exclusive of fencing sold) was $150, the value of the premises at the date of the finding, including McGregor's improvements, was $1,800, and the land is found to have advanced in value, since McGregor purchased, $400 to $500, on account of the construction and operation of a railroad near the same, and the location of a station three or four miles therefrom.

The plaintiff, claiming in his complaint that McGregor purchased the land with full knowledge of his (the plaintiff's) rights and interest therein, and averring that he is ready and willing to pay the amount due on the notes, and offering to bring such amount into court, prays that the deed from Austin to McGregor be annulled and cancelled, that his right to pay into court the amount due upon the bond be established, and that "Austin be ordered to make due, meet and proper conveyance in fee of said premises to the plaintiff." The trial below was had upon the issue raised by the separate answer of McGregor, Austin having demurred to the complaint. The court found the following conclusions of law, viz: 1. That plaintiff is not entitled to the relief asked, as against defendant McGregor. 2. That defendant McGregor's title to the premises is valid as against plaintiff's seeming equities, and constitutes a defence to this action. 3. That defendant McGregor is entitled to judgment against the plaintiff for his costs. Judgment was entered accordingly.

The facts clearly establish gross negligence on the side of the plaintiff, both in executing his part of the contract, and in applying for relief. Save so far as the possession of the premises might, during its continuance, operate to qualify the effect of the long default in making payment of the purchase price, this negligence is unexplained by any equitable circumstance. As to the long continued failure to make payment, the case is one in which, (although time may not have been of the essence of the contract,) it is eminently proper for a court of equity to have regard to time as it respects the *good faith and diligence* of the plaintiff. 1 Story, Eq. Jur. § 776. As to the failure to apply sooner for relief, the rule is that where, as in this instance, one party to the contract gives notice to the other that he will not perform it, acquiescence in this by the other party, (not being in possession,) by a comparatively brief delay in enforcing his right by an appeal to the courts, will be a bar. Fry on Spec. Perf. § 737 ; 3 Lead. Cas. in Eq. 447 ; *Heaphy* v. *Hill*, 2 Sim. & Stu. 29 ; *Watson* v. *Reid*, 1 Russell & Mylne, 236 ; *Walker* v. *Jeffrys*, 1 Hare, 348. Add to this double laches the considerations that, after having left the premises, and after having been expressly notified of Austin's understanding that he had abandoned the land and that the contract was "cancelled," he suffers McGregor, (a purchaser for value,) to remain in possession of the place, to erect a dwelling upon the same, and to make other improvements, (of all which he had full and early information,) without remonstrance, and the further consideration that since McGregor's purchase, the land has largely increased in value, and the correctness of the conclusions of law arrived at by the court below can not be doubted. What is said in *Eastman* v. *Plumer*, 46 N. H. 464, is in point. "Those who desire to secure the aid of equity in enforcing the performance of contracts must show themselves prompt, ready and eager to perform them, and abide by them. So, when either party to a contract of sale fails or refuses to claim or act under the contract, for such a length of time as to give the impres-

sion that he has waived or abandoned the sale or purchase, and more especially when the circumstances justify the belief that his intention was to perform the contract only in case it suited his interest," he, will necessarily forfeit all claim to equity.

Bearing in mind that the granting of the specific performance of, a contract to convey land is not a matter of right, but of sound and reasonable discretion, to be exercised according to the circumstances of the particular instance, (see *Eastman* v. *Plumer*, 46 N. H. 464 ; 1 Story, Eq. Jur. § 742,) and taking all the facts into consideration, the plaintiff's long continued failure to pay, his abandonment of the premises, his neglect promptly to assert his rights after the notice from Austin, his acquiescence in the sale to McGregor and in McGregor's expenditures upon the land, his failure even to remonstrate until after the land had largely increased in value,—and clearly this is a case in which the plaintiff should be treated as having abandoned the contract, and by his own gross laches disentitled himself to the aid of a court of equity. Fry on Spec. Perf. § 730.

Judgment affirmed.