[No. 7,829.—Department Two.]

SAMUEL GRANGER v. THE ORIGINAL EMPIRE MILL AND MINING COMPANY.

MORTGAGE OF CORPORATION—NOTICE OF SPECIAL MEETING OF DIRECTORS —BURDEN OF PROOF.—In an action to foreclose a mortgage of a corporation, it appeared that the mortgage was executed under a resolution passed at a special meeting of the Directors; and it was claimed that there was no evidence that such a notice of a meeting as was required by law, was served on the Directors. The resolution recited that written notices had been served on each Director. Held: The action of the Board was regular and binding on the corporation.

ID.—ID.—Under Section 320 of the Civil Code, it is not required that the notice of a special meeting of the Directors of a corporation should specify the purpose of the meeting. A notice that the meeting will be held, the place where, and the time when it will be held, will be sufficient.

ID.—ID.—ID.—In the absence of proof to the contrary, notice to the Directors of a meeting will be presumed, though not recited in the record of the meeting.

ID.—ID.—ID.—ID.—CASE DISTINGUISHED.—In *Harding* v. *Vandewater*, 40 Cal. 78, it appeared affirmatively that two of the Directors were not notified.

ID.—MORTGAGE PARTLY VOID—SEVERANCE OF DEBT.—The mortgage foreclosed included a debt due to the plaintiff from the President of the corporation, but this was severed from the debt of the corporation, and disallowed by the Court below.

*Held:* The private debt being severable, did not render the note void as to the whole amount. It was valid for the balance.

APPEAL from a judgment for the plaintiff, and from an order denying a new trial, in the Superior Court of the County of Nevada. CALDWELL, J.

*H. 'G. Platt*, for Appellant.

Meetings of the Board of Directors, for a special purpose, should designate that purpose. (C. C., § 320; Green's Brice's Ultra Vires, 354; Field on Corp., § 231.)

The call for a special meeting, designating its purpose, should be served on each Director by the Secretary, upon the order of the President; the notice should be personal, and that these requirements of the law were complied with must be shown. A mere recitation in the resolution is not sufficient, as that would be for it to establish its own validity, and place the corporation at the mercy of its Secretary. (C. C., § 320; *Harding* v. *Vandewater*, 40 Cal. 78, and opinion at 82, 83.)

If the power to make this mortgage was given to the President and Secretary, it must be strictly construed; and unless exactly followed, the act is void. (*Wittenbroek* v. *Bellmer*, 57 Cal. 12; Story on Agency, 169; *Blum* v. *Robertson*, 24 Cal. 127.)

*Searls, Niles & Searls*, for Respondent.

The resolution adopted at the Directors' meeting of January 22, 1880, was, in terms, sufficient to authorize the execu-

tion of the note and mortgage.    (*Burrill* v. *Nahant Bank*, 2 Metc. 167.)

As to want of proof of personal service to each of the Directors of the special meeting of January 22, 1880. The copy of proceedings of the meeting, taken from the record of the corporation, sufficiently shows such notice.

It was not incumbent upon the plaintiff to prove notice to Directors. Our case was made out by the introduction of the note and mortgage, admitted by the answer to have the signatures of the President and Secretary, and the corporate seal affixed. (*Lovett* v. *Steam Saw Mill Assn.*, 6 Paige, 55; *Clarke* v. *Imperial Gas Light and Coke Co.*, 4 Barn. & Ald. 315; S. C., 1 Nev. & Man. 206; *Burrill* v. *Nahant Bank*, 2 Metc. 166; Ang. & Ames on Corp., c. 7, § 5, N. 1, 2, and C. C.; Green's Brice's Ultra Vires, 515, and note 3; id. 516, 517, and note A; *Sargent* v. *Webster*, 13 Metc. 504.)

If a part of the consideration of the note was illegal and part good, the good part shall stand, provided it can be segregated from the illegal part. (2 Kent's Com. 468; *Jackson* v. *Shawl*, 29 Cal. 272; *Norris* v. *Harris*, 15 id. 256; *More* v. *Bonnet*, 40 id. 254; *Rand* v. *Mather*, 11 Cush. 7; *Parish* v. *Stone*, 14 Pick. 201; *De Groot* v. *Van Duzer*, 20 Wend. 412.)

THORNTON, J.:

This is an appeal by defendant from a judgment in an action on a note and mortgage, for foreclosure, etc., and from an order denying its motion for a new trial in the cause.

The chief question to be considered in the cause relates to the execution of the note and mortgage sued on. The authority to execute the note and mortgage was given at a special meeting of the Board of Directors of the corporation (defendant). The resolution of the Board of Directors, as put in evidence, states as follows:

"Pursuant to the call of the President, a special meeting of the Board of Directors of the Original Empire Mill and Mining Company was held on Thursday, January 22, 1880, at the hour of eleven o'clock A. M., written notice having been served upon each Director, and there were present Will-

iam B. Bourne, President, and Alpheus Bull and J. B. Fargoe, and there were absent Robert Sherwood and Delos Lake."

With particular reference to the note and mortgage sued on, a resolution was moved, seconded, and adopted at the meeting, authorizing the President and Secretary to borrow a sum of money, not exceeding ten thousand dollars, on the note or notes of the Company, secured by a mortgage or mortgages on the Company's property at Grass Valley, California, at a rate of interest not to exceed ten per cent. per annum. The meeting appears to have been held at the office of the Company in San Francisco on the twenty-second of January, 1880. The note and mortgage above mentioned were executed, in the name of the corporation, by the President and Secretary, and affixing the corporate seal. This was done by virtue of the above resolution, and by its authority.

It is contended that there was no authority to execute the instruments in question vested in the President and Secretary by the above resolution, because the meeting at which it was passed was a special one, and there was no evidence that such a notice of the meeting as was required by law (C. C., § 320) was served on the Directors.

This question was presented in *Sargent* v. *Webster*, 13 Metc. 497. In that case the Board of Directors at a meeting passed a vote authorizing an assignment of all its property to one of the creditors of the corporation, who bound himself by a counter bond to apply the proceeds of the property so assigned to the payment of the debts and obligations to him, and to pay over to the corporation any balance that remained. There were five Directors, and three only were present at the meeting which passed the resolution authorizing the assignment. It was contended that the assignment was not binding on the corporation because it did not appear that notice of the meeting was given to all the Directors. The Court, *per* Shaw, C. J., thus disposed of the point:

" Another objection of this same kind is, that it does not appear that notice of the meeting was given to all the Directors. But the contrary does not appear; and it would be hazardous to decide that every vote passed by an aggregate body is void, if it do not appear by the record that all were notified. We believe it is not usual in corporate records to

state how members were notified.   The presumption '*omnia rite acta*' covers multitudes of defects in such cases, and throws the burden upon those who would deny the regularity of a meeting, for want of due notice, to establish it by proof." (*Sargent* v. *Webster,* 13 Metc. 504.)

But it does appear in this case, from the record of the meeting, which differentiates it from *Sargent* v. *Webster,* that written notice had been served on each Director.

It is urged that the notice of the special meeting to be served on each Director must designate the purpose of the meeting.   To sustain this position, Section 320 of the Civil Code is cited.   We do not so interpret the section referred to.   A notice that the meeting will be held, the place where, and the time when it is to be held, is sufficient.

In *Harding* v. *Vandewater,* 40 Cal. 78, cited by the appellant's counsel, it did appear affirmatively that two of the Directors had not been notified.

We are of opinion that the action of the Board was regular and binding on the corporation.

It is further contended that the note and mortgage are void, because five thousand dollars were borrowed under the resolution and the note and mortgage included one thousand one hundred and fifty dollars due to the plaintiff by the President of the corporation.   But this amount (one thousand one hundred and fifty dollars) can be severed from the amount for which the note and mortgage were given, and was severed from it, and disallowed by the Court below.   It being severable, it did not render the note void as to the whole amount. (C. C., § 1599.)   It was valid for the balance.

We find no error in the record, and the judgment and order are affirmed.

MORRISON, C. J., and SHARPSTEIN, J., concurred.