[S. F. No. 3416.   Department One.—May 8, 1905.]

## TERESA BELL, Special Administratrix, etc., Appellant, v. STANDARD QUICKSILVER COMPANY, Respondent.

CORPORATIONS—SPECIAL MEETING—CALL BY VICE-PRESIDENT—ABSENCE OF PRESIDENT—BY-LAWS.—Where the by-laws of a corporation provided that in case of the absence of the president, or his inability to act, the vice-president shall take his place and perform his duties, the vice-president may, during the continued absence of the president, and while he was residing and doing business in another county many miles distant from the principal place of business of the corporation, call a special meeting which the president might call if present, and upon due notice thereof to its directors, the business transacted at such special meeting is valid.

ID.—NOTICE SIGNED BY VICE-PRESIDENT—COMPLIANCE WITH CODE—DUTY OF SECRETARY—PRESUMPTION.—The vice-president of the corporation, who was authorized to call the special meeting, properly signed the notice thereof as such, stating that such special meeting was to be held at an exact time and place stated; and where he was also the secretary of the corporation, and personally mailed the notice to each director, properly addressed and postpaid, he must be presumed to have performed that duty in his official capacity as secretary, in compliance with section 320 of the Civil Code, which requires the secretary to give the notice where the by-laws do not otherwise provide, but does not require him to sign it, nor prescribe any form of notice.

ID.—OBJECT OF SPECIAL MEETING—LEVY OF ASSESSMENT UPON STOCK—CONTENTS OF NOTICE.—The notice of the special meeting need not state that its object or purpose was to levy an assessment upon the capital stock, there being nothing in the by-laws nor in the code to require such statement.

ID.—CONDITION OF ASSESSMENT—SUBSCRIPTION TO STOCK—ISSUANCE OF PAID CERTIFICATES.—The provision of section 331 of the Civil Code, that one fourth of the capital stock must be subscribed before an assessment can be levied thereupon, is fully satisfied by a showing of the issuance of and full payment for certificates for more than one fourth of the stock.

ID.—ACTION TO INVALIDATE ASSESSMENT—FINDINGS—SUPPORT OF JUDGMENT—PRESUMPTIONS.—In an action to obtain a decree declaring the assessment made to be invalid, findings in favor of the validity of the assessment need only set forth the ultimate facts, and must be strongly construed in favor of the judgment, and all presumptions must be indulged in support of the findings and judgment.

ID.—REFUSAL OF AMENDMENT—PURPOSE OF ASSESSMENT—DISCRETION OF COURT.—The court did not abuse its discretion in refusing to allow a second amended complaint to be filed to allege that the assessment was not levied for the purpose of paying expenses, conducting business, or paying debts of the corporation, where there was no showing that the plaintiff did not know the facts when the original complaint was filed, nor any claim made that evidence could be procured to prove the averments, if the amendment had been allowed.

ID.—AMENDMENT OF ANSWER TO CONFORM TO PROOF.—It was proper to allow an amendment of the answer to conform to the proof that the notice of the special meeting given to the directors had been mailed by the vice-president, in his capacity as secretary.

ID. — DEPOSITION OF PRESIDENT — POSSIBILITY OF PRESENCE TO CALL MEETING—REFUSAL TO ANSWER—RULING NOT PREJUDICIAL.—Where, in a deposition of the president, taken before the trial, he declined to answer certain questions to prove that his presence to call the special meeting could have been obtained in a few hours if an effort had been made for that purpose, the refusal of the court to compel him to answer them were without prejudice, it appearing that answers given by the witness to other questions introduced in evidence sufficiently showed the fact sought to be proved, which was without serious dispute, and there being no allegations of any fraudulent purpose or intent.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

T. Z. Blakeman, for Appellant.

The notice was not given by the secretary, as required by law.  (Civ. Code, sec. 320; *Curtin* v. *Salmon River etc. Co.,* 130 Cal. 345;[1] *Spear* v. *Ditty,* 9 Vt. 283; Beach on Corporations, sec. 275.)  The notice was not sufficient, because it did not state its object to be for the extraordinary purpose of levying an assessment.  (Thompson on Corporations, sec. 8487; 2 Cook on Corporations, p. 1485, note 1; 3 Clark & Marshall on Private Corporations, p. 1967; *Mercantile Lib. Hall Co.* v. *Pittsburg etc. Assn.,* 173 Pa. St. 30; *Whitehead* v. *Hamilton Rubber Co.,* 52 N. J. Eq. 78; *Smith* v. *Dorn,* 96 Cal. 80; *Thompson* v. *Williams,* 76 Cal. 153.[2])  The call of the special meeting was improperly made by the vice-president, when the president was within easy call, and might have made it as required by the by-laws.  (*Smith* v. *Dorn,* 96 Cal. 80, 82.)

John Flournoy, for Respondent.

The meeting was properly called by the vice-president, under the by-laws, and the call was properly signed by him as such. (Beach on Corporations, sec. 273, and cases cited.) The only absent director was in New York, and could not receive the notice mailed.  All the directors in California were present and duly assembled as a board, and their action was valid.  (Cook on Corporations, sec. 713a; Thompson on Corporations, sec. 3936; *Minneapolis Times Co.* v. *Nimocks,* 53 Minn. 381; *Singer* v. *Salt Lake City Copper Mfg. Co.,* 17 Utah, 143;[3] *Porter* v. *Lassen County etc. Co.,* 127 Cal. 270.) The object of the special meeting need not be stated in the notice.  (*Granger* v. *Original Empire etc. Co.,* 59 Cal. 679.)

SHAW, J.—This is an appeal by the plaintiff from a judgment in favor of the defendant, and from an order denying plaintiff's motion for a new trial.

The object of the action was to obtain a decree declaring invalid an assessment of less than ten per cent upon the stock of the defendant corporation, and to set aside a sale under said assessment of seventeen thousand shares of the stock belonging to the estate of the deceased.  The case was tried by the court,

[1] 80 Am. St. Rep. 132.     [2] 70 Am. St. Rep. 773.
[3] 9 Am. St. Rep. 187.

findings were filed, and judgment was entered for the defendant.

The principal point relied on by the plaintiff is, that the assessment is void for the reason that it was made at a special meeting of the board of directors which was not regularly called. The board of directors consists of five members, of whom Thomas Derby was president and H. H. Taylor the vice-president and secretary. The by-laws contained the following provisions with respect to the calling of meetings of the directors:—

"Article VII—President. The board of directors shall, at their first regular meeting, elect one of their number to act as president; and if at any time the president shall be unable to act, the vice-president shall take his place and perform his duties; and if both the president and vice-president, from any cause, shall be unable to act, they shall appoint some other member of the board to do so, in whom shall be vested, for the time being, all the duties and functions of his office. The president, or, in his absence or inability to act, the vice-president, or, in the absence or inability of both to act, the director, appointed as above provided:

"1st. Shall preside over all meetings of the stockholders and directors, and shall have the casting vote.

"2d. He shall sign, as president, all certificates of stock and all contracts and other instruments of writing which have been approved by the board of directors, and he shall draw checks upon the depositary of the company.

"3d. He shall call the directors together whenever he deems it necessary, and shall have, subject to the advice of the directors, direction of the affairs of the corporation, and generally shall discharge such other duties as may be required of him by the by-laws of the corporation.

"The president, or two of the directors, may call special meetings of the directors at any time, and notice shall be given of such called meetings by mailing a written or printed notice at the last known place of business or of residence of each director forty-eight hours prior to the time of meeting. Such service of notice shall be entered on the minutes of the corporation; and the said minutes, upon being read and approved at a subsequent meeting of the board, shall be conclusive upon the question of service."

Upon a consideration of all the provisions of this article of the by-laws it is clear that in the absence or inability to act of the president, the vice-president is substituted for him, occupies his place, and possesses for the time being all the powers therein mentioned which the president would have if personally present and capable of acting. The last clause of the introductory paragraph of the article must be applied separately to each subsequent clause and paragraph so that the power of the vice-president to call special meetings is the same as if the article in that respect read as follows: "The president, or, in his absence or inability to act, the vice-president, or, in the absence or inability of both, the director" thereunto appointed by the board, "shall call the directors together whenever he deems it necessary, and . . . may call special meetings of the directors at any time," or two of the directors may call such special meetings. The power given to two of the directors to call special meetings is independent of that vested in the president, or the person who may be acting as such in his absence. The last paragraph of the article cannot reasonably be construed as a limitation of the power to the president personally, or to two of the directors, to the exclusion of the person who, by the previous provisions, may be for the time acting as president.

On the third day of August, 1898, Taylor, the vice-president and secretary, made and sent through the mails to each director, properly addressed, a written notice in the following language:—

"SAN FRANCISCO, Aug. 3, 1898.

"Dear Sir: A special meeting of the board of directors of the Standard Quicksilver Co. will be held at the office of the company, room 1, 2nd floor of the Mills Building, San Francisco, Cal., on Wednesday, the 10th day of August, 1898, at half past one o'clock P. M.

"H. H. TAYLOR, Vice-President."

During all of the year 1898 the president of the corporation was residing at New Almaden, in Santa Clara County, and was engaged in business there, and during the entire day on which this notice was made and sent to the directors he was actually in New Almaden, and absent from San Francisco. At this time the principal place of business of the corporation was in San Francisco, and its office was the room designated

in the above notice. The fact that the president was absent in New Almaden at the time this meeting was called was a sufficient absence within the meaning of the by-laws to authorize the vice-president to act in his place. It is true that it appears from the evidence that if he had been requested or notified to do so, and had been so minded, he could have traveled from New Almaden to the office of the corporation in San Francisco in four or five hours, for the purpose of considering the matter of the call. But there is nothing in the by-laws to the effect that the vice-president cannot act for and in place of the president in his absence until after the president has been requested to attend or notified of the importance of some act to be done, and has refused or neglected to attend for that purpose. Nor is there anything appearing in the case which would make such an effort to procure his presence necessary to the valid action of the vice-president in his place. It is not claimed that there was any fraudulent intent, or purpose to take advantage of his absence, to make a call which he would not have made if he had been present. And, indeed, he acquiesced in the call, attended the meeting without protest or objection, and voted for the assessment in question. It is not necessary, under the provisions of the by-laws, that the president shall be out of the state, or beyond the reach of mail or other communication, in order to authorize another to act in his place or exercise his power. This would not be claimed in regard to a check made in his absence. It might possibly be that temporary absence, through some part of the day, where there was no emergency demanding immediate action before his return, even in the absence of fraud, might not be sufficient to authorize the vice-president to act in calling a meeting. As to this we express no opinion. All that is necessary to decide upon this phase of the case is, that where the president of a corporation resides and is engaged in business in another county many miles distant from the place of business of the corporation, and is actually absent from that place of business, there being no claim that he customarily was in daily or frequent attendance at such place of business, and it would require several hours to procure his attendance, the vice-president can under these circumstances, and under the provisions of this by-law, act in his place during such absence.

Vice-President Taylor was also the secretary of the cor-

poration, and the findings show that he personally made and mailed to the respective directors the notice of the meeting above set forth. This was a sufficient compliance with the law and the by-laws in question. Conceding, for the purposes of the case, that some written declaration by the vice-president was necessary to make a legal call, this instrument being signed by him as vice-president was a sufficient official statement or order to answer that purpose. Section 320 of the Civil Code provides that notice of special meetings, when no provision otherwise is made in the by-laws, must be in writing and must be given by the secretary. It does not, however, nor do the by-laws in question, prescribe any form of notice, nor require that it shall be signed by the secretary. Hence, any form or manner of written notice sufficient to inform the directors that a special meeting of the directors is called, and of the exact time and place where it is to be held, will be valid. (*Granger* v. *Original Empire etc. Co.*, 59 Cal. 678, 682.) Where the call is signed by an officer authorized to make it, as in this case, and contains in itself all the essential requisites of a notice, it will answer all the purposes of a notice under section 320 of the Civil Code aforesaid. That section merely devolves upon the secretary the duty of giving the notice. To give a written notice is not to write or sign the paper expressing the information constituting the notice. It implies only that the person charged with that duty shall by some means see to it that the necesary notice is delivered to the person who is to receive it. It is the equivalent of the service of papers, and involves only a delivery of sufficient notice to the proper person. This duty Taylor, as secretary, performed when he mailed the notices in question to each director, properly addressed and postpaid.

The notice need not state the object or purpose of the meeting. Neither the by-laws nor the code require that it should. (*Granger* v. *Original Empire etc. Co.*, 59 Cal. 678, 682.)

It is objected that there is no finding that Taylor acted as vice-president because of the absence of the president in calling the meeting; nor that as secretary he gave the notice. The finding is, that Taylor was both vice-president and secretary, that the president was absent, and that Taylor made the call and mailed the notices, setting out the notice in full, as above set forth. It will be observed that the notice itself purports

CXLVI. Cal.—45

to be signed by Taylor in his capacity as vice-president. We think these findings were sufficient. It was unnecessary to find except upon the ultimate fact. The findings must be construed strongly in support of the judgment. Private transactions are presumed to be regular, and the ordinary course of business is presumed to have been followed. It will therefore be presumed from the facts found that the cause of Taylor's assumption of the functions of the office of president was the absence of that officer from the office, and that in mailing the notices he was then assuming to act in his capacity as secretary, the capacity which required him to perform that duty. When a person holding an office which requires him to perform a certain act is found to have performed that act, it will not, for the purpose of defeating the judgment, be presumed that he did it otherwise than in his proper official capacity.

Upon examining the record we think that all the findings are fully supported by the evidence. It would serve no useful purpose to discuss the evidence in detail upon this branch of the case.

We find no ground upon which the assessment could be declared invalid.

The court did not abuse its discretion in denying the plaintiff leave to file a second amended complaint. The statement that one fourth of the capital stock of the corporation had not been subscribed at the time the assessment was made, which is one of the allegations not found in the previous complaint, is shown to be a mere conclusion, and absolutely without foundation, by the subsequent averments that at least three fifths of the stock had been sold, paid for, and certificates issued therefor, many years prior to the assessment. The issuance of the certificates for the stock disposes of all questions regarding the subscription therefor. The provision of the code (Civ. Code, sec. 331) that one fourth of the capital stock must be subscribed before an assessment can be levied is completely satisfied by the issuance of, and full payment for, certificates for more than one fourth of the stock. The only other new matter in the proposed amendment was an allegation that the assessment was not levied for the purpose of paying expenses, conducting business, or paying debts of the corporation. There was, however, no showing that the plaintiff did

not know of the facts involved in this allegation at the time the original complaint was filed, nor was there any claim that any evidence could be procured to prove the averments if the amendment had been allowed. The court, under these circumstances, might in its discretion have either allowed or refused the amendment, and in either case this court would not interfere.

It was clearly within the discretion of the court to allow the defendant after the trial to amend his answer so as to make it appear therefrom that the notices of the meeting of the directors in question had been mailed by Taylor in his capacity as secretary, instead of in his capacity as vice-president, as the answer had previously alleged. The proof had indicated that his action in this particular was in his capacity as secretary, and it was proper to allow an amendment to conform to the proof.

Prior to the trial the deposition of the president, Derby, was taken, and in giving his deposition he declined to answer some questions intended to elicit the fact that his presence at the office of the corporation to call the meeting in question could have been obtained within a few hours, if an effort had been made in that behalf. Error is assigned upon the refusal of the court to compel him to answer these questions. We do not see how the plaintiff could have been injured by this action of the court. The answers given by the witness, and which were introduced in evidence upon the trial, sufficiently showed this to be the fact, and there does not seem to have been any serious dispute upon it at any time. The questions intended to show that he had not been requested to attend were immaterial to the cause of action set forth in the complaint, there being no allegations tending to show any fraudulent purpose or intent.

Several rulings at the trial upon the questions arising upon the admission of evidence were excepted to and are assigned as error, but they all relate to questions already discussed, and come within the principles already laid down. It is therefore unnecessary to mention them specifically.

The judgment and order are affirmed.

Angellotti, J., and Van Dyke, J., concurred.