[Civ. No. 8403. First Appellate District, Division Two.—April 6, 1932.]

ANNA P. ZEH, Appellant, v. ALAMEDA COMMUNITY HOTEL CORPORATION (a Corporation), Respondent.

Garton D. Keyston for Appellant.

S. C. Wright for Respondent.

TUTTLE, J., *pro tem.*—This is an action brought to cancel a subscription for shares of capital stock and recover the amount paid for the same. A demurrer to the second amended complaint therein was sustained without leave to amend, and judgment rendered for defendant. This appeal is taken from the judgment so entered.

From the allegations of the complaint it appears that plaintiff subscribed for thirty shares of preferred stock in defendant corporation, and paid the sum of $3,000 for the same. This sale was made through an agent of the defendant, and plaintiff seeks to set aside the transaction upon the following alleged false and fraudulent representations made by said agent in inducing plaintiff to make the purchase:

"A. That the preferred stock of said Alameda Community Hotel Corporation then and there, and to-wit, in the said City of Alameda, County of Alameda, and State of California, on the said 11th day of April, 1928, provided for the payment of and paid and would pay to the owners of the said preferred stock interest at the rate of seven per cent (7%) per annum; and

"B. That if the said plaintiff herein would invest three thousand dollars ($3,000.00) in the purchase of the said

preferred stock the said Alameda Community Hotel Corporation would pay to the said plaintiff herein *interest* upon her such investment at the rate of seven per cent (7%) per annum."

■ Do the foregoing allegations constitute actionable fraud? The law applicable to this situation is well expressed in Black on Rescission and Cancellation, volume 2, at page 957, in the following language: "As a general rule, statements made to persons to induce them to subscribe for stock in a corporation, having relation to its future earnings, expected profits or dividends, or the successful conduct of its business, are merely matters of opinion, on which the subscribers have no right to rely, and though they prove to have been false when made, or even to have been made with no expectation of their ever being realized, still they furnish no ground for rescinding the contract of subscription." This is the rule in California. (12 Cal Jur., p. 729.) It is based upon the fundamental principle that predictions as to future events are ordinarily regarded as nonactionable expressions of opinion. (26 Cal. Jur., p. 1087.) "No man stands condemned in the law because hope springs in his breast or because, out of the fullness of his heart his mouth speaketh in that regard. Therefore the law does not interdict prophesying the expression of sanguine business hopes and beliefs in events to come." (*Ray County Sav. Bank* v. *Hutton*, 224 Mo. 42 [123 S. W. 47].)

■ We do not believe that the representations quoted above measure up to the requirements of the law, and hold that they must be construed as promissory in character and effect. The only possible ground for a contrary construction arises from the use of the word "paid" in paragraph "A". Every other allegation refers to the future in express terms. Construing paragraphs "A" and "B" together it is quite obvious that if the word were used as applying strictly to the present, there is an apparent contradiction in that the representation in "B" is "would pay" and not "would continue to pay". Construing the entire complaint, we believe that the word "paid" is simply a repetition in different language of the allegation "provided for the payment of" which immediately precedes it, and that it is not equivalent to the allegation "is now paying". Considerable stress is laid by appellant upon the use of

the term "interest" instead of "dividends". We see no logical distinction between them, so far as the application of the foregoing principles of law are concerned. Whether the promise was to pay interest or dividends, if it was made as to the future, it was not actionable.

The complaint is also vulnerable in another particular. The laws of California did not authorize the payment of "interest" upon preferred stock. Only *dividends* could be paid thereon, and these must be paid out of surplus profits. (Sec. 309, Civ. Code, as it read in 1928.) Any statements made as to payment of interest upon this stock, and the provisions of the stock certificates in this respect, were misrepresentations of law. It is well settled that such misrepresentations, at least where there is no relation of trust or confidence between the parties, do not amount to fraud, and will not furnish ground for the rescission of a contract. (*Haviland* v. *Southern California Edison Co.,* 172 Cal. 601, 608 [158 Pac. 328].) The general public has evinced such a keen interest in corporate stock during the past several years that it is difficult to conceive how a person of ordinary intelligence could be deceived in the manner claimed by plaintiff. The foregoing rule has been applied to misrepresentations made by an agent as to stockholder's liability in the case of *Upton* v. *Tribilcock,* 91 U. S. 45, 51 [23 L. Ed. 205], where it is said: "If ignorance of the law was admitted as a ground of exemption, the court would be involved in questions which it were scarcely possible to solve, and which would render the administration of justice next to impossible; for in almost every case ignorance of the law would be alleged, and the court would, for the purpose of determining this point, be often compelled to enter upon questions of fact insoluble and interminable." The allegation of the complaint in the instant case that "the plaintiff is a woman unfamiliar with the difference between interest and dividends" shows clearly that the gravamen of her complaint is ignorance of the law, upon which she had no right to rely. The truth or falsity of such representations could have been tested by ordinary vigilance and attention. The law is presumed to be equally within the knowledge of all parties. There is no allegation of any confidential or fiduciary relations between the parties hereto.

 It is contended that the court abused its discretion in sustaining the demurrer to the second amended complaint without leave to amend. The record does not show an abuse of discretion in this respect. There is nothing to show that there was presented to the court any proposed allegation of facts which, if inserted in the complaint, would in any respect change its legal effect. (*Stewart* v. *Douglass*, 148 Cal. 511 [83 Pac. 699].)

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.