[Civ. No. 10426. First Appellate District, Division One.—January 26, 1938.]

EVELYN ANGELIS, a Minor, etc., et al., Appellants, v. J. G. FOSTER et al., Defendants; SAN PABLO SCHOOL DISTRICT OF CONTRA COSTA COUNTY et al., Respondents.

Alfred C. Skaife and A. L. Crawford for Appellants.

Francis P. Healey, District Attorney, and J. Vance Porlier, Deputy District Attorney, for Respondents.

THE COURT.—The plaintiff, a minor, brought suit against defendant school district, its trustees and the principal of one of its schools, together with the owner and driver of an automobile, alleging negligence with consequent injury and damage. A general demurrer to the complaint filed by the district, its trustees and principal was sustained without leave to amend, and plaintiff has appealed from the judgment entered thereon.

The complaint alleged that plaintiff, a child seven years of age, was on the day she was injured a pupil in the San Pablo district school, and that prior thereto the trustees by resolution had deemed it advisable to provide transportation for the pupils of the school, but that on the day plaintiff was injured the trustees failed to provide such transportation;

that as plaintiff was returning to her home after school and was passing along a path adjacent to and parallel with the public highway she suddenly proceeded to cross the highway and while so doing was injured by an automobile driven by defendant J. G. Foster. In this connection the complaint alleged in substance that Foster was driving negligently and at an excessive rate of speed while intoxicated and, notwithstanding that he saw the plaintiff, continued his course until she was struck and injured.

Plaintiff contends that the district and its trustees were negligent in failing to provide transportation on this occasion, and that such negligence was a proximate cause of her injury.

Without discussing their duty to make such provision (although it may be said that the obligation does not appear to have been imposed by the statute—sec. 1.70, School Code, Stats. 1933, p. 579), we think it clear from the facts averred that such failure was a remote and not a proximate cause of the plaintiff's injury. It is not alleged that it was necessary for plaintiff to cross the highway, but it rather appears from the facts that her conduct was due solely to a childish caprice. While the alleged failure to provide transportation may have been a condition in the order of causation by which the injury was brought about (*Oakland Bank of Savings* v. *Murfey,* 68 Cal. 455, 462 [9 Pac. 843]), it was manifestly the gross and intervening negligence of Foster, which could not have been reasonably anticipated by respondents, which was the sole proximate cause of the damage. And this is particularly true where the intervening cause is a criminal act (sec. 501, Cal. Vehicle Code). The following authorities support this conclusion: *Hale* v. *Pacific Tel. & Tel. Co.,* 42 Cal. App. 55 [183 Pac. 280]; *McMillan* v. *Thompson,* 140 Cal. App. 437 [35 Pac. (2d) 419]; *De Vito* v. *Peterson,* 134 Cal. App. 100 [25 Pac. (2d) 19]; 19 Cal. Jur., Negligence, sec. 17, p. 567.

The plaintiff also complains that the demurrer was sustained without leave to amend.

Upon sustaining a demurrer the trial court has discretion either to allow an amended complaint or to give judgment forthwith for the defendant, and its action either way will not be interfered with upon appeal unless it is made to

appear by the record that there has been an abuse of discretion. (21 Cal. Jur., Pleading, sec. 77, p. 119.)

The record shows no application for leave to amend, but it is admitted that plaintiff's attorney by letter to the trial judge requested such leave. However, no suggestion was made to the court as to the manner in which it was proposed to amend, nor was the nature of the proposed amendment specified. In such cases it has been uniformly held that a refusal of leave is not an abuse of discretion. (*Bell* v. *Standard Quicksilver Co.*, 146 Cal. 699 [81 Pac. 17]; *Kleinclaus* v. *Dutard*, 147 Cal. 245 [81 Pac. 516]; *Stewart* v. *Douglass*, 148 Cal. 511 [83 Pac. 699]; *Marsh* v. *Lott*, 156 Cal. 643 [105 Pac. 968]; *Saint* v. *Saint*, 120 Cal. App. 15 [7 Pac. (2d) 374]; *Zeh* v. *Alameda etc. Hotel Corp.*, 122 Cal. App. 366 [10 Pac. (2d) 190].)

No ground for reversal of the judgment has been shown, and the same is accordingly affirmed.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 25, 1938.