JOHN B. DUNSTER v. BERNARDS LAND AND SAND COMPANY.

Argued June 11, 1906—Decided November 12, 1906.

The by-laws of a corporation organized under the General Corporation act (*Pamph. L.* 1896, *p.* 277) provided for a board of three directors, to be chosen at each annual meeting of the stockholders,

and to hold office for one year, and until the election of their successors; fixed the date of the annual meeting, and provided that special meetings of the stockholders might be held at any time, on the call of the president or treasurer, upon three days' notice to each stockholder. A special meeting was called by the president, upon notice, "to transact such business as may be properly brought before said meeting." No notice was given that this meeting would go into an election of directors, nor did such a purpose exist at the time the notice was given. The meeting (having been adjourned from time to time) proceeded to an election of directors to fill vacancies.—*Held* (assuming that the by-laws conferred the power to call a special meeting of stockholders for the election of directors at a time other than the date of the annual meeting), that the election as held was void because not held at the annual meeting of stockholders, nor at a special meeting called for the purpose on notice to the stockholders, nor by unanimous consent.

On summary investigation, under section 42 of the General Corporation act (*Pamph. L.* 1896, *p.* 291), of an election of directors.

Before Justices HENDRICKSON, PITNEY and TRENCHARD.

For the applicant, *Prout & Prout.*

For the company, *Harry V. Osborne.*

The opinion of the court was delivered by

PITNEY, J.   Upon application of John B. Dunster, a stockholder of the Bernards Land and Sand Company, this court proceeded in a summary way, under section 42 of the General Corporation act (*Pamph. L.* 1896, *p.* 291), to inquire into the matter of an alleged election of directors of that company, held April 18th, 1906.

The by-laws of the corporation establish the principal office of the company in Jersey City, provide for a board of three directors, to be chosen at each annual meeting of the stockholders, and to hold office for one year and until their successors are elected, and declare that the annual meeting shall be held on the second Tuesday in September, and that

special meetings of the stockholders may be held at any time on the call of the president or treasurer upon three days' notice to each stockholder, in person or by mail, or by unanimous consent.

The company was organized in August, 1899, with three stockholders, viz., Spencer B. Doty (who died April 9th, 1903), Frederick Frambach (who died April 10th, 1906), and John B. Dunster. Upon Doty's death his stock passed to his daughter, Mrs. Clayton, as his executrix.

Some time prior to March 21st, 1906, Frambach, who was president of the company, called a special meeting of the stockholders, to be held on that date, at the company's office in Jersey City. The purpose of the meeting, as set forth in the written notice thereof, was "to transact such business as may be properly brought before said meeting." So far as appears, the only stockholders of the company at this time were Frambach, Dunster and the executrix of Doty. Presumably (although this does not clearly appear), Frambach and Dunster were then directors of the company, and the only surviving directors.

Assuming that it was within the power of the president, under the by-laws, to call a special meeting of stockholders for the election of directors at a time other than the date of the annual meeting as fixed in the by-laws, the form of the notice given by Frambach was not, in our opinion, such as to apprise stockholders that the special meeting would go into an election of directors. Indeed, there is nothing to show that any such purpose existed at the time the notice was given.

On March 21st, Dunster and Mrs. Clayton appeared at the office of the company pursuant to the notice, but Frambach did not appear by reason of illness. The meeting was adjourned until March 28th, and on that date a further adjournment was taken until April 11th. Frambach died on the 10th. Mrs. Clayton and Dunster having met on the 11th pursuant to the adjournment, and having learned of the death of Frambach, Mrs. Clayton desired to proceed to

the election of a new board of directors. Dunster refused to consent to this, nor did he appoint any directors to fill vacancies. The meeting was adjourned, however, until April 18th, and on this date an election of directors was proceeded with, in the absence of Dunster, and without his consent. Those who participated in the election appear to have been Mrs. Clayton and certain others to whom she had transferred a part of the Doty stock, and a Mr. Marion, who was present as representing the estate of Frambach; in what capacity he represented it does not appear.

We think this election was void, because not held at the annual meeting of stockholders nor at a special meeting called for the purpose on notice to the stockholders, nor with their unanimous consent.

It appears, however, that the election, informal though it was, was participated in by stockholders who represented a very large majority (one hundred and seventy-five shares out of two hundred and twenty-five) of the stock of the company, and that they were actuated by what they believed to be the necessity of choosing directors to protect the interests of the company as against Dunster himself. The order setting aside the election will therefore be made, without costs.