Argued February 26, decided April 14, 1908.

## RIGGS *v.* POLK COUNTY.

[95 Pac. 5.]

CORPORATIONS — MEMBERS — MEETINGS — CALLING MEETINGS — PERSONS MAKING CALL.

1. It is in general essential to the validity of acts done at a special or called meeting of a corporation, that the call shall be made by the persons appointed by the governing statute to call such meetings, and notice must be given at the time and in the manner prescribed.

SCHOOLS AND SCHOOL DISTRICTS—PUBLIC SCHOOLS—DISTRICT BOARDS— MEETINGS—PERSONS GIVING NOTICE.

2. Section 3385, B. & C. Comp., vesting in school district meeting the power to levy taxes, expressly limits such power to "district meetings, legally called"; Section 3389, subd. 1, empowers the district school board to call meetings generally; and subdivision 14 empowers it to call meetings to consider the question of erecting school buildings. Section 3380 provides, that all regular and special school meetings must be convened by a call stating the objects of such meeting, signed by the chairman of the board and the district clerk, or a majority of the district school board. *Held,* that Section 3380 was intended to designate the persons who should give notice of a called meeting ordered by the board, and not merely to give the officers therein named a discretionary power to call a meeting, and the existence of the same power in some other body was necessarily excluded.

STATUTES—CONSTRUCTION—RELATED CLAUSES.

3. To ascertain the intention of a statute, it must be construed in connection with all other provisions of the act of which it forms a part.

SCHOOLS AND SCHOOL DISTRICTS—PUBLIC SCHOOLS—MEETINGS—PERSONS GIVING NOTICE—"CHAIRMAN OF THE BOARD."

4. Section 3380, B. & C. Comp., provides, that all regular and special school meetings must be convened by a written call stating the objects of such meetings signed by the chairman of the district board and district clerk, or a majority of the school board. Section 3388 provides, that the director who has served the longest time shall act as chairman of the board meetings, and, in the absence of the chairman, the other members of the board in the order of their seniority may act as chairman. The statute does not expressly create the office of "chairman of the school board," but such office was impliedly recognized by Section 3389, subd. 16, providing that school warrants must be drawn and signed by the chairman of the board, and subdivision 21 permitting

the board to authorize the chairman to draw warrants for the payment of salaries, and subdivision 31 providing that all bonds issued shall be signed by the chairman of the board of directors, and Section 3409 providing that meetings of the board may be convened by written notice issued on the order of the chairman. *Held*, that the various sections of the statute construed together recognized the permanent and separate existence of the office of "chairman of the board," and by Section 3388 the oldest in service of the directors was chairman of the board, and hence a special meeting called under Section 3380 signed by the next oldest member of the board was not signed by "the chairman of the board," as required thereby, and bonds issued at such a meeting were invalid.

SAME—DISTRICT DEBTS—BONDS — REMEDIES OF TAXPAYER — PARTICIPA-
TION IN MEETING—ESTOPPEL TO OBJECT—PLEADING.

5. In a suit to enjoin the issue of bonds to build a district school building, on the ground that the meeting of the district board authorizing the issue of the bonds was not legally convened, even if plaintiff had knowledge of the meeting and participated therein, and was thereby estopped to question the validity of the proceedings in equity, such facts would be a matter of defense by way of estoppel.

From Polk: WILLIAM GALLOWAY, Judge.

Statement by MR. COMMISSIONER SLATER.

Plaintiff, who is a resident of and owns property in school district No. 45 of Polk County, instituted this suit to enjoin the collection of a school tax attempted to be levied by that district. It is alleged, in substance, that at the time of the issuance of the call for the holding of the meeting at which the tax was levied, A. M. Holmes, Finley M. Edgar, and Mason K. Crowley were the duly elected and qualified directors of the district; that of the three, Holmes had served the longest time under an election. Edgar was next in seniority of service, and Crowley was the junior director; that on December 3, 1904, Edgar attempted to convene a special school meeting of the district to be held at the school-house at the hour of 10 o'clock in the forenoon of December 17, 1904, by a written notice, which is pleaded *haec verba*. It is signed by Edgar as chairman *pro tem.* of the board of directors, and by the clerk of the district, and sets forth the object and purpose of the meeting to be the levying of a tax for building a school-house in said district. It is further alleged that at the time of the issuance of the notice, Holmes was chairman of the board of directors, and that said

notice was not signed by the chairman of the board of directors, nor by a majority of such board; that in pursuance of such notice a meeting was held at the time and place therein stated, which attempted to levy a tax of seven mills on the dollar upon the real and personal property in the district; that the amount of tax levied upon plaintiff's property was $82.28, which became delinquent, and, in pursuance of a warrant issued to the defendant by the county court, he is about to sell plaintiff's property for the collection thereof.

A general demurrer to the complaint having been overruled, defendants answered, admitting the averments of the complaint, excepting that part which sets forth the form and manner of the issuance of the notice or call for the meeting, and that the notice was not signed by the chairman of the board. These were denied, and in substance it is affirmatively alleged, that on December 3, 1904, a meeting of the board of directors of the district was duly called and held at the school-house for the purpose of authorizing the issuance and directing the posting of a notice for a school meeting of the district for the object above stated; that directors, Edgar and Crowley and the clerk were present at the meeting, but that director Holmes did not attend; that at such board meeting it was determined to call a special school meeting to be held at the school-house on December 17, 1904, at 10 o'clock in the forenoon, for the purpose of levying a tax to build a school-house; and the clerk was ordered to post notices to that effect, as required by law; that in pursuance thereof the clerk did post notices, a form of which is set out in full. It is identical with the notice set forth in the complaint, excepting that after the signature thereto of Finley M. Edgar there is added these words. "Chairman *pro tem.,* Chairman Board of Directors," which slightly differs from the alleged signature to the notice set forth in the complaint, but the signature of the clerk is the same.

A general demurrer to the answer having been overruled, plaintiff declined to plead further, and thereupon a decree was entered dismissing the complaint and dissolving the temporary injunction theretofore issued, from which decree plaintiff appeals.          REVERSED.

For appellant there was a brief with oral arguments by *Mr. Oscar Hayter* and *Mr. William H. Holmes.*

For respondent there was a brief with oral arguments by *Mr. John H. McNary,* District Attorney, and *Mr. Joseph E. Sibley,* Deputy District Attorney.

Opinion by MR. COMMISSIONER SLATER.

MR. JUSTICE MOORE dissenting.

1. The validity of the tax is questioned by plaintiff solely upon the ground that the call for the school meeting by which it was attempted to be levied was not signed by the person or persons upon whom that duty is imposed by the statute, which is to the effect that all regular and special school meetings must be convened by a written call, stating the objects of the meeting, signed by the chairman of the board and the district clerk, or a majority of the district school board: Section 3380, B. & C. Comp. It is in general essential to the validity of acts done at a special or called meeting of a corporation, that the call shall be made by the person or persons appointed by the governing statute to call such meetings, and notice must be given at the time and in the manner so prescribed: 25 Am. & Eng. Ency. Law (2 ed.), 40, 41; 10 Cyc. 324.

2. The power vested by the statute in district school meetings to levy a tax is expressly limited to "district meetings, legally called" (Section 3385, B. & C. Comp.), and the power to call a meeting to consider the question of the erection of a school-house is conferred upon the district board, which power it may or shall exercise whenever, in the judgment of the board, it is desirable or necessary to the welfare of the schools in the district or

to provide for the children therein proper school privileges, or whenever petitioned so to do by one-third of the voters in the district (Section 3389, subd. 14, B. & C. Comp.). The power to call a meeting for the particular purpose for which this one was called being thus expressly conferred by statute upon the board, the implied existence of the same power in some other body or person is necessarily excluded. But Section 3380, B. & C. Comp., also provides that "all regular and special school meetings must be convened by a written call stating the objects of such meeting, signed by the chairman of the board, and the district clerk, or a majority of the district school board; and the directors shall cause the clerk to post such written notices in three public places in the district at least ten days before the day appointed for said meeting." The validity of the call put forth in this case depends upon what construction is to be placed upon this section of the statute in two particulars: (1) Whether a discretionary power to call a meeting is thereby conferred upon the persons designated, or whether it is intended by this section merely to designate the persons who should give, and to prescribe the form and manner of giving a notice of a call ordered by the board in the exercise of an authority conferred exclusively upon it; and (2) who is meant by the expression "chairman of the board."

3. The answer to the first inquiry has already been suggested. Looking at the words of the section when standing alone, it appears that the only intention was to prescribe the form and manner of giving notice of a call ordered by some other person or body in whom the power had been vested; for it could not reasonably have been intended to confer a discretionary power upon the chairman of the board and the district clerk or upon a majority of the board to convene a "regular" school meeting, the time for the holding of which is expressly named in the act of 1901 of which this section is a part. More-

51 OR.— 17

over, to ascertain the intention of a legislative declaration, it must be construed in connection with all other provisions of the act of which it forms a part. The power to call meetings generally is conferred upon the board by Section 3389, subd. 1, and specifically, for the particular purpose for which this meeting was held, by subdivision 14, of the same section. We conclude, therefore, that it was intended by Section 3380 to designate the person or persons who should give, and to prescribe the form and manner of giving notice of a call ordered to be made by the board, and not to grant to the officials therein named a discretionary power to call a meeting.

4. The answer alleges that a special meeting of the board of directors was convened and held in accordance with the requirements of Section 3388, which meeting directors Edgar and Crowley and the district clerk attended, but that director Holmes did not attend; that Edgar acted as chairman; and that at this meeting the board determined to call a special school meeting to be held at the time and for the purpose named in the notice, and instructed the clerk to post written notices thereof, which, it is further alleged, was done. Thus far the proceedings for the call of the meeting appear to be in compliance with the statute and to that extent the answer is sufficient to support the validity of the tax. But it is contended by the plaintiff that the notices so posted were not signed by "the chairman of the board," nor by "a majority of the district school board," as required by Section 3380, while the defendant asserts that Edgar, being next to Holmes in seniority of service, was designated by Section 3388 as the proper person to preside at a district board meeting. It reads as follows: "The director who has served the longest time as such under an election shall act as chairman of district school board meetings; in the absence of the chairman the other members of the board in the order of their election may act as chairman," etc. —and by Section 3381 similar provision is made for

chairmen of district school meetings. That Edgar, having presided as chairman of the board meeting which ordered the call to be issued, was "chairman of the board," within the meaning of Section 3380, for the purpose of signing this notice, and, as he did sign it as "chairman of the board," it is sufficient. That as to the powers, duties, and official acts there is no distinction in the act of 1901 between the officer therein designated on the one hand as "chairman of the board," and on the other hand, as "chairman of district school board meetings," or "chairman of district school meetings." But we have not been able to so harmonize or reconcile the different expressions of the act under consideration. There are several different, important, and essential duties other than to preside at board or district school meetings required to be performed by some person designated in the act as "chairman of the board." The statute nowhere expressly provides that there shall be such an office, nor who shall perform the duties assigned to that office, but throughout the act there are several legislative expressions similar to that used in Section 3380 which necessarily imply the legislative existence of such an office, because of the important and essential duties that are imposed upon and required to be performed by an officer designated as "chairman of the board," such as: That school warrants must be drawn and signed "by the chairman of the board": Section 3389, subd. 16. That "the board may authorize the chairman and clerk to draw warrants for the payment of teacher's salary at the end of each school month," etc.: Section 3389, subd. 21. That "all bonds so issued shall be signed by the chairman of the board of directors": Section 3389, subd. 31. And that meetings of the board of directors "may be convened upon written or printed notices issued by the school clerk by order of the chairman": Section 3409. Some of these duties are not dependent upon the order of a board meeting, particularly the signing of bonds issued by the district, which

is done by order of a district school meeting, and the
convening of a board meeting by order of the chairman.
Hence it cannot be said that by the expression "the chair-
man of the board" is meant the person who presided at
the board meeting which authorized the thing to be done.
There is also a difference in the terms used, from which
a difference of intent may be inferred. In Section 3388
the authorization is that the director who has served the
longest time under an election shall act "as chairman
of district school board meetings." The official author-
ity thus conferred is necessarily temporary and limited
to the existence of that meeting; and the same may be
said of the expression used in Section 3381 as to who
shall act as chairman of district school meetings. More-
over, the language of that section in itself recognizes the
permanent and separate existence of the office of "chair-
man of the board," as distinguished from the temporary
position of acting as "chairman of school board meet-
ings," where, after providing who shall act as chairman
of such meetings, the language used is, "In the absence
of the chairman, the other members of the board * *
may act." Had it not been so intended, the natural leg-
islative expression would have been, "In the absence of
the director who has served the longest time, the other
members of the board * * may act." The imperative
declaration of this act, however, is that all bonds issued
by the district shall be signed "by the chairman of the
board," and, if not so signed, the unavoidable conclusion
is that they are not legal or valid obligations; and it is
just as emphatically declared by the statute that the same
officer must also sign the notice that calls or convenes
the meeting of the taxpayers of the district by whom a
tax is to be levied. The legality of every bond issued and
every tax levied depends upon the due performance of
these official duties by some one denominated in the stat-
ute as "chairman of the board." But, by defendants'
contention, each of these very important and essential

acts need not be performed by the same person, but may be performed by either of two different directors, and the question arises, can there be two different persons to perform these respective duties? We think not. A large amount of bonds has been issued under this act by the several school districts of this State, and doubtless, in an endeavor to comply strictly with the law, the director who has served the longest time as such under an election has uniformly been considered to be "the chairman of the board" mentioned in the statute, and such seems to be within the intendment of Section 3388, and such officer has signed and executed, on behalf of the district, all of the bonds heretofore issued. Necessity, therefore, as well as the inferences to be drawn from the terms of the act, it seems to us, enforces that construction. From this conclusion it necessarily follows that the call for the district school meetings was not signed by the "chairman of the board," and therefore the acts done at the meeting were invalid. The answer fails to state a defense to the complaint, and the demurrer should have been sustained.

5. It is further contended by defendants that the complaint fails to state facts sufficient to constitute a cause of suit, in that it fails to aver want of knowledge by plaintiff that a school meeting was to be held at the time and place and for the purpose it was held. For, it is argued, if he had knowledge of these facts, or was present, he will not be permitted to complain in a court of equity of the actions of the meeting; but the authorities cited by counsel are to the effect that one who was present and participated in corporate meetings of quite a different character from this one, could not complain, although he had not been formally notified of the calling of the meeting as required by the law. Such facts, if they existed here and had the effect claimed, would be matter of defense only by way of estoppel.

From these considerations it follows that the decree should be reversed, and the cause remanded, with instruc-

tions to the lower court to sustain plaintiff's demurrer to the answer, and for such other proceedings as may be proper.                                        REVERSED.

MR. JUSTICE MOORE delivered the dissenting opinion.

The permanent office of chairman of a school district board is not created by express legislative enactment. The statute does not provide that the school director who has served the longest time as such under an election is the chairman, but only that he shall act as such at the board meetings, and in his absence the member of the school board next to him in point of service under an election is authorized so to act: B. & C. Comp. § 3388. It would appear from the use of the word "act," as indicated, that the office of chairman of the district school board is only temporary, being called into existence when the school board is legally assembled, and continued until the business considered at such meeting has been fully discharged, altered, or countermanded at a subsequent meeting.

All school meetings must be convened by a written call, signed by the chairman of the board or by a majority thereof, and attested by the district clerk: B. & C. Comp. § 3380. If the school director who has served the longest time as such under an election were to preside as chairman at a district school board meeting, and it was determined to convene a district meeting to levy a tax, it is possible he might so oppose the measure as to decline to sign the call. His refusal, however, would not necessitate mandatory proceedings to compel the performance of a mere ministerial duty, for a majority of the members of the school board, who must have inaugurated the proceedings, could subscribe their names to the notice, which would be adequate.

Except in the case supposed, it would appear unnecessary for a majority of the school board to sign a call for a district meeting, for the director who legally acted as

chairman at the board meeting is, in my opinion, the only person authorized to issue the required notice.

Believing the call in the case at bar to have been signed by the proper officer, I cannot agree with my associates in holding that an error was committed in overruling the demurrer to the answer.