[S. F. No. 6599. Department One.—March 21, 1916.]

## C. E. DOLBEAR et al., Appellants, v. GUY WILKINSON et al., Respondents.

CORPORATION—SPECIAL MEETING OF STOCKHOLDERS—CALL AND NOTICE OF MEETING—ELECTION OF DIRECTORS—OBJECT OF MEETING MUST BE STATED.—In the absence of any controlling provision in the by-laws of a corporation, a special meeting of the stockholders for the election of directors, which is called by the stockholders, must be called and noticed in the manner provided in sections 310 and 314 of the Civil Code. The call for the meeting must be signed by stockholders "holding at least one-half of the votes," and the notice must state the object of the meeting as being the election of directors. A mere statement that the object is "to transact such business as may come before said meeting" is insufficient to authorize the election of directors.

ID.—SPECIFIC NOTICE OF PURPOSE OF MEETING.—In the absence of statutory provision, the stockholders are, under the general principles governing corporations, entitled to specific notice of the purpose of a meeting which is to elect directors at a time other than that fixed by statute or by-law.

ID.—ATTENDANCE OF STOCKHOLDERS AT MEETING—CONSENT TO ELECTION OF DIRECTORS.—Stockholders by merely attending a meeting the notice of which did not advise them that the election of directors was to be taken up, did not thereby consent to such election.

ID.—MAILING NOTICE TO STOCKHOLDERS—PROOF OF.—The mailing of notice of a special meeting to the stockholders is sufficiently established by the affidavit of the secretary of the corporation showing the mailing, coupled with his direct testimony that the affidavit speaks the truth.

APPEAL from a judgment of the Superior Court of Alameda County, and from an order refusing a new trial. N. D. Arnot, Judge presiding at trial. K. S. Mahon, Judge refusing new trial.

The facts are stated in the opinion of the court.

R. H. Countryman, Chapman & Trefethen, and William P. Hubbard, for Appellants.

Charles W. Slack, Chauncey S. Goodrich, and Perry Evans, for Respondents.

SLOSS, J.—This is a proceeding to determine who are the directors of California Trona Company, a corporation organized under the laws of this state. The plaintiffs, C. E. Dolbear, R. B. Phillips, and E. I. Bartholomew, claim that they, together with E. H. Merrill and J. P. Potter, were elected directors at a meeting of the stockholders, held on May 3, 1911. The defendants claim that E. J. Boyes, Guy Wilkinson, Lucien Simon, C. S. Goodrich, and F. J. Hanus were duly elected directors at a meeting held on the nineteenth day of May, 1911. The court found in favor of the defendants and entered judgment accordingly. The plaintiffs appeal from the judgment, and from an order denying their motion for a new trial.

The capital stock of the corporation consists of one thousand shares, all of which was subscribed and issued. The by-laws provided that the annual meeting of the stockholders should be held on the tenth day of January in each year, and should be called by ten days' notice printed in a newspaper, and by notice in writing mailed to each stockholder at least ten days before the meeting. Other stockholders' meetings were to be "called by like notice." It is alleged in the complaint, and admitted by the answers, that no annual or other meeting of the stockholders was held on the tenth day of January, 1911. The meeting of May 3, 1911, at which the plaintiffs claim to have been elected, was attended by stockholders claiming to own or represent 991 shares. The defendant Wilkinson claimed to be the owner of 321 shares. Two hundred and twenty shares of these had been transferred to his name on the books of the corporation within ten days prior to the date of the meeting. An injunction restraining Wilkinson from voting one hundred shares of the remaining stock held by him had been issued and served shortly before the meeting. He made no attempt to vote these one hundred shares. The plaintiffs disputed his right to vote the 220 shares which had not been standing in his name for the ten-day period. A motion to adjourn the meeting was made, and Wilkinson was permitted, over the objection of the appellants, to vote his 220 shares in the affirmative. With the aid of his vote, the motion was carried, and the chairman declared the meeting adjourned. The court found that the stockholders who had voted for the adjournment immediately left the room and that the remainder, holding less than half of the stock

of the corporation, thereupon proceeded to elect directors, electing the plaintiffs and their associates. This is the election upon which the appellants found their claim.

The parties argue a number of points with reference to the validity of these proceedings. Thus there is much dispute over the question of Wilkinson's right to vote the 220 shares; over the consequent validity of the vote for adjournment; over the question whether the persons opposing the plaintiffs did, in fact, leave the meeting-place before the election of directors, and whether, if they did, a valid election could be held when only a minority of the stock was present or represented. We do not find it necessary, however, to go into any of these questions, as we feel satisfied that the meeting of May 3d was not one at which there could, in the absence, at least, of consent of all the stockholders, be a valid election of directors. The notice for this meeting stated that a special meeting of the stockholders had been duly called and would be held at a place and time designated, "to transact such business as may come before the said meeting." Under the Civil Code (sec. 302) "the directors of a corporation must be elected annually by the stockholders or members," and the time for the meeting is fixed unless provision therefor is made in the by-laws. Here the by-laws did provide that such meeting should be held on the tenth day of January in each year, and there is no provision in such by-laws for an election at any other time. Section 314 of the Civil Code provides, however, that if an election has not been held at the appointed time, it may be held at some other time ordered by the directors or "a meeting may be called by stockholders as provided in section three hundred and ten."

Section 310 thus referred to deals with the removal of directors. It provides that "meetings of stockholders for this purpose may be called . . . by members or stockholders holding at least one half of the votes. Such calls must be in writing, and addressed to the secretary, who must thereupon give notice of the time, place, and object of the meeting, and by whose order it is called." We think that section 314, in authorizing the stockholders to call a meeting for the election of directors "as provided in section 310" incorporates not only the provisions prescribing the preliminary steps of directing a call to the secretary, but also those requiring the subsequent notice "of the time, place, and object of the meet-

ing.'' The meeting of May 3d was not an adjournment of the annual meeting. The suggestion that it was, made for the first time in the reply brief of the appellant Phillips, is in direct conflict with the admitted averments of the complaint. Nor was it a meeting ''ordered by the directors,'' within the provision of section 314. The notice stated that it was a special meeting ''called at the request of stockholders.'' The request of the stockholders was in writing, and may fairly be treated as the call mentioned in section 310 It did not, however, meet the requirements of that section, since it was not signed by stockholders ''holding one half of the votes.'' More important still, the notice was insufficient for the reason that it did not state ''the object of the meeting.''

But, if we were to concede that the notice described in section 310 applies only to meetings for the removal of directors, the result would not be different. In the absence of statutory provision, the stockholders are, under the general principles governing corporations, entitled to specific notice of the purpose of a meeting which is to elect directors at a time other than that fixed by statute or by-law. In the absence of such notice, a stockholder would have no reason to believe that this important business would be transacted at any meeting other than the one designated by the Civil Code and the by-laws, i. e., the annual meeting, or an adjournment thereof. ''There are three matters concerning every corporate meeting of which the members are entitled to notice, namely, the time, place, and the business proposed to be transacted. Some or all of these may be known to them by virtue of a charter provision or a by-law or a statute. But if any of them is not known in that way, the stockholders are entitled to an actual notice thereof.'' (2 Cook on Corporations, 6th ed., sec. 595.) This is the unquestioned rule governing special meetings, but, says Mr. Cook, ''the better rule is that where unusual business is to be transacted even at a regular meeting, the notice of that meeting should state the unusual business.'' (2 Cook on Corporations, 6th ed., sec. 595; 3 Clark & Marshall on Corporations, sec. 649c.) Clearly, therefore, a special meeting will not be authorized to elect directors in the absence of a notice specifying that such election is one of the purposes of the meeting. (*People's Mut. Ins. Co. v. Westcott,* 14 Gray (80 Mass.), 440; *Dunster v. Bernards*

*L. & S. Co.,* 74 N. J. L. 132, [65 Atl. 123]; see *In re London etc. Co.,* L. R. 31 Ch. Div. 223.) A notice stating that the purpose of the meeting is "to transact such business as may come before the said meeting" is not, of course, a notice that the election of directors, or any other specific matter, is to be taken up. (*Dunster* v. *Bernards L. & S. Co.,* 74 N. J. L. 132, [65 Atl. 123]; *People's Mut. Ins. Co.* v. *Westcott, supra; Jones* v. *Concord etc. R. R.,* 67 N. H. 119, [38 Atl. 120].) Such cases as *Granger* v. *Original Empire Mill etc. Co.,* 59 Cal. 678; *Bell* v. *Standard Quicksilver Co.,* 146 Cal. 699, [81 Pac. 17]; *Seal of Gold Mining Co.* v. *Slater,* 161 Cal. 621, [120 Pac. 15], cited by the appellants, are not in point. All of these decisions deal with meetings of directors. The holding that the notice for such a meeting need not specify the purpose have no application to stockholders' meetings, which are governed by stricter rules. (2 Cook on Corporations, 6th ed., sec. 713a.)

There is no ground for the claim that the want of notice was waived by the defendants. The notice received by them did not advise them that the election of directors was to be taken up, and they did not consent to such election by attending the meeting. The evidence is undisputed that they did not participate in such election, and the mere fact that they may have been physically present when an unauthorized minority was seeking to take action cannot deprive them of the right to object to such action.

The attempted election of May 3d being invalid, there remains simply the question whether Wilkinson and his associates were properly elected on May 19th. The court found that this meeting was regularly called, pursuant to the provisions of sections 310 and 314 of the Civil Code, and of the by-laws. The meeting was attended by stockholders owning and holding of record 555 shares of the capital stock. The appellants make the point that there was no sufficient evidence that notice of this meeting was mailed to the stockholders. But the record contains, in addition to the secretary's affidavit of mailing, his direct testimony that "said affidavit correctly states the facts." The mailing was sufficiently established.

One hundred and forty shares stood in the name of Mabel Boyes on the corporate books and were voted by Wilkinson, who held her proxy. The appellants claim that these shares

were the property of the Caradoc Securities Company. This assertion is not supported by the record. The appellants introduced in evidence an agreement to which various persons, describing themselves as shareholders of the California Trona Company, were parties. The words "owning 140 shares" appear on this agreement after the signatures of Mabel Boyes and Caradoc Securities Company. Standing alone and unexplained, as it does, this writing is certainly entirely insufficient to overcome the showing of the corporate records that Mabel Boyes was the owner of the stock.

Some other shares were voted by Wilkinson under proxies given by the holders of record. The validity of the proxies is assailed. We think the points made in this behalf are unsubstantial, but even if all of the votes thus questioned were eliminated, there would still remain 506 shares, a clear majority of the total capital stock. The vote in favor of the five persons elected at that meeting was unanimous, and the validity of the disputed proxies could not affect the result.

The judgment and the order denying a new trial are affirmed.

Shaw, J., and Lawlor, J., concurred.

Hearing in Bank denied.