(April 3, 1924.)

## JOHN C. GLAHE, Secretary and Treasurer of Black Bear Mines Company, a Corporation, and BLACK BEAR MINES COMPANY, a Corporation, Appellants, v. H. J. ARNETT, Respondent.

[226 Pac. 796.]

CORPORATIONS—MEETINGS—PETITION FOR CALL—STOCKHOLDERS—NOTICE OF MEETINGS — BY-LAWS — EXECUTORS AND ADMINISTRATORS — GUARDIANS—RIGHT TO PETITION FOR MEETING AND· VOTE—RIGHT TO DELEGATE POWERS — PROXIES—TRUSTEES—STOCK REPRESENTATION NECESSARY TO PETITION FOR MEETING—DIRECTORS—OFFICERS.

1. Where the by-laws of a corporation provide that if an election has not been held at the appointed time and no adjourned or other meeting for the purpose has been ordered, a meeting may be called by the stockholders representing one-half of the capital stock of such corporation, and it shall be the duty of the secretary of such corporation, upon a petition of the stockholders representing one-half of the capital stock of said corporation, to give notice of such meeting or that such number of stockholders may appoint any stockholder that they deem advisable to give such notice, *held* that a petition signed by persons representing one-half of the subscribed, issued and outstanding capital stock must actually be in the possession of the stockholder calling the meeting, where the secretary refuses to act, at or prior to the time the notice is published and given. A meeting called upon the petition of any less number is invalid and is not given validity by the ratification of persons not signing the petition after the publication and giving of the notice.

2. Where a new corporation is organized for the purpose of taking over the property and business of an old corporation, by proper resolutions, and a certificate of stock is issued by the new company to the old one for the exact number of shares of the stock of the old company issued and outstanding to be exchanged for the stock held by stockholders of the old company, in payment for its properties, and there remains certain stock which has not been exchanged at the time a petition for a meeting is made, such

Publisher's Note.
Sufficiency of notice of meeting of corporation or directors, see note in Ann. Cas. 1914D, 862.

stock remaining unexchanged in the hands of the old company is outstanding votable stock and must be taken into consideration in determining whether, in accordance with the by-laws the petition for the meeting was made by one-half of the subscribed capital stock.

3. In such case, stock remaining unexchanged, was subject to representation by the old company, which held it as trustee for the stockholders entitled thereto, if in good standing, and, if defunct, by the board of directors acting as trustees in accordance with the provisions of C. S., sec. 4767.

4. *Held,* that the expressions "capital stock" and "subscribed capital stock" as used in the by-laws of plaintiff corporation, had reference to and meant the subscribed, issued and outstanding capital stock of the corporation.

5. By-laws of appellant corporation relating to meetings and calls for meetings examined and held to be in harmony with C. S., sec. 4709, providing what by-laws shall contain.

6. Shares of stock owned by the estate of a deceased person may be voted by the administrator or executor of such estate and shares of stock owned by the estate of a minor may be voted by the guardian of such estate, in accordance with the provisions of C. S., sec. 4719, but where such administrator, executor or guardian petitions for the calling of a meeting by a stockholder, a certified copy of his letters must be presented to establish his authority to represent such estate.

7. As to whether an executor, administrator or guardian of an estate owning shares of stock in corporation may delegate his right to vote by means of proxy, without indicating the manner in which such shares shall be voted, considered but not decided.

APPEAL from the District Court of the First Judicial District, for Shoshone County. Hon. Albert H. Featherstone, Judge.

Application for writ of mandate. Writ denied and petitioners appeal. *Affirmed.*

Franklin Pfirman, Therrett Towles and D. A. Callahan, for Appellants.

The court should not have taken into consideration in determining majorities required for the call and authorizing the notice of stockholders' meeting, and for holding the meet-

ing, the 20,897 shares of stock, which were never issued, had never passed to the ownership of stockholders, and which could not be voted. (C. S., secs. 4713, 4716, 4718, 4719, 4720, 4721 and 4746; *Market St. Ry. Co. v. Hellman,* 109 Cal. 571, 42 Pac. 225; *Somerville v. St. Louis Min. & Mill. Co.,* 46 Mont. 268, 127 Pac. 464, L. R. A. 1915B, 811; *Greenpoint Sugar Co. v. Whitin,* 69 N. Y. 328–339; *Swan v. Stiles,* 94 App. Div. 117, 87 N. Y. Supp. 1089.)

Stockholders in the old company who have not demanded stock of appellant corporation were not subscribers to the latter's stock nor stockholders therein, and the old company could not subscribe for them without their consent. As to this stock, there was no contract and no subscription. The stock was not issued, but merely set aside. (*Grier v. Union Nat. Life Ins. Co.,* 217 Fed. 287; *Foote v. Anderson,* 61 C. C. A. 5, 123 Fed. 659; *Mackey v. Burns,* 16 Colo. App. 6, 64 Pac. 485; *Welch v. Gillelen,* 147 Cal. 571, 82 Pac. 248; *Anthony v. American Glucose Co.,* 146 N. Y. 407, 41 N. E. 23; *Fletcher v. Newark Tel. Co.,* 55 N. J. Eq. 47, 35 Atl. 903.)

The by-law providing that the meeting could be called by "one-half of the capital stock" must be construed to mean "one-half of the votes" in conformity with the statute. The by-law must not be inconsistent with the statute. (C. S., secs. 4709, 4716, 4720, 4752; *People's etc. Bank v. Superior Court,* 104 Cal. 649, 43 Am. St. 147, 38 Pac. 452, 29 L. R. A. 844; 1 Thompson on Corporations, 2d ed., sec. 995.)

It does not lie in the mouth of respondent to question the authority of the stockholder designated to call the meeting when the stockholders in whose behalf he had called it did not deny his authority but, on the other hand, ratified it. (31 Cyc. 1290.)

All stockholders who participated in the meeting in person or by proxy waived any irregularities in the call for the meeting and thereby ratified the call made in the name of the majority. (*Columbia Nat. Bank v. Mathews,* 85 Fed. 934, 29 C. C. A. 491; *San Diego etc. R. Co. v. Pacific Beach Co.,* 112 Cal. 53, 44 Pac. 333, 33 L. R. A. 788.)

Walter H. Hanson and H. J. Hull, for Respondent.

The 20,897 shares of appellant company's stock owned by the Black Bear Consolidated Mining Company, Ltd., was properly considered by the court in determining the majority necessary to authorize a special stockholders' meeting under article 9 of the by-laws. Where stock is subscribed and paid for the title is complete, even in the absence of a certificate or other evidence of title. (14 C. J., secs. 698, 710, 711, 1385; *Cortelyou v. Imperial Land Co.*, 156 Cal. 373, 104 Pac. 695; 5 Fletcher, Cyc. Corp. 5610, sec. 3427; *McGue v. Rommel*, 148 Cal. 539, 83 Pac. 1000.)

The term "one-half of the capital stock" as used in art. 9 of the by-laws must necessarily be construed to mean one-half of the authorized capital stock or one-half of the subscribed stock, or one-half of the issued, outstanding and votable stock. Under any of the interpretations, the call of the meeting by the stockholder Weniger was invalid. (*State v. St. Louis & S. F. R. Co.*, 81 Kan. 404, 105 Pac. 685; *Goodnow v. American Writing Paper Co.*, 73 N. J. Eq. 692, 69 Atl. 1014; C. S., secs. 4696, 4707, 4710, 4716, 4718, 4719, 4720.)

The call of a special or called meeting of corporate stockholders must be made in strict compliance with the authority of the by-laws or other governing law of the corporation. Participating stockholders, even though constituting a majority, cannot ratify an invalid call as against the rights of nonparticipating stockholders. (14 C. J., p. 887, sec. 1359; *Dolbear v. Wilkinson*, 172 Cal. 366, Ann. Cas. 1917E, 1001, 156 Pac. 488; *Riggs v. Polk County*, 51 Or. 509, 95 Pac. 5; *Grant v. Elder*, 64 Colo. 104, 170 Pac. 199; 1 Thompson on Corp., 2d ed., p. 991, sec. 808, p. 1018, sec. 832.)

Petitions and proxies executed by administrators, executors or agents where no authority of such executor, administrator or agent was shown were properly excluded. (1 Thompson on Corporations, 2d ed., p. 1058, sec. 863.)

BUDGE, J.—This appeal is taken from a judgment denying appellant a peremptory writ of mandate for possession

of the books, records and documents of appellant corporation.

From the record it appears that the Black Bear Consolidated Mining Company, Ltd., a domestic corporation, having a capital of $2,000,000 divided into 2,000,000 shares of the par value of $1, is the predecessor of the appellant, Black Bear Mines Company, also a domestic corporation. On February 17, 1917, the directors of the old company, by resolution duly made and adopted, directed the formation of the new company with a capital stock of $400,000 divided into 2,000,000 shares of the par value of twenty cents and also directed the sale of the assets of the old company, subject to its liabilities, to the new company, for a consideration of 1,007,497 shares of the capital stock of the new company, fully paid up. At the time of the organization of the new company, the old company had actually issued to its stockholders 1,007,497 shares of its capital stock. Upon the organization of the new company the old company conveyed to it, by warranty deed, all of its property in compliance with proper resolutions passed by the boards of directors of both corporations and on March 7, 1917, a certificate for 1,007,497 shares of the capital stock of the new company was actually issued to the old company to be exchanged for the stock of the old company already issued. With the exception of 20,897 shares, this stock was issued to the stockholders of the old company upon the surrender of their stock in corresponding amounts. The 20,897 shares were never exchanged, for the reason that some of the stockholders in the old company had not surrendered their stock and the same still stood in the name of and was under the control of the old company.

At the regular annual meeting of the stockholders of the new company, held on April 25, 1921, a full board of directors was elected which elected Arnett secretary and treasurer. No regular annual meeting of stockholders of the new company was either called or held during 1922 and 1923. Weniger, one of the directors, on or about June 27, 1923, addressed a letter to certain of the stockholders of the new

company and inclosed therein blank proxies and blank petitions for the calling of a stockholders' meeting to be held on August 3, 1923. The latter were individual petitions addressed to the secretary to call the meeting and in case of his failure or refusal so to do they authorized Weniger to make the call. On July 19, 1923, Weniger had received from stockholders petitions and proxies representing 515,530 shares, which it is alleged he presented to the secretary and at the same time demanded that notice be published and given by him for the call of the meeting. It is further alleged that the secretary refused to issue the call, whereupon Weniger caused the notice to be published and to be mailed to certain stockholders. Subsequently a meeting was held on August 3, 1923, at the time and place stated in the call, at which a purported election of directors was held. Glahe was thereafter elected secretary and treasurer by such board of directors.

The right to vote the 20,897 unexchanged shares is the pivotal question involved in this case. If these shares of stock were not votable, as appellant contends, the purported stockholders' meeting held on August 3, 1923, upon the petition of the holders of one-half of the subscribed capital stock in accordance with the by-laws and the call was therefore valid and regular. If, however, these shares of stock were votable, as respondent contends, the meeting was called upon the petition of less than one-half of the holders of the subscribed capital stock, in violation of the by-laws, and the call was therefore ineffective and void, thus rendering the meeting, the election of directors and the election of secretary and treasurer invalid.

The court found that on July 19, 1923, and thereafter up to and including August 3, 1923, the subscribed, issued and outstanding capital stock of appellant corporation was 1,038,834 shares. The court further found that on July 19, 1923, stockholders representing 515,530 shares of the capital stock of said corporation petitioned for the calling of said meeting, and further found that under article 9, sec. 1, of the by-laws of appellant corporation a meeting

might be called by stockholders representing one-half of the capital stock of said corporation. The court concluded as a matter of law that the meeting of stockholders held on August 3, 1923, was ineffective and void for lack of a valid call therefor.

It is insisted that the court erred in holding that the expressions in the by-laws "capital stock" and "subscribed capital stock," used in connection with meetings and calls for meetings, meant literally not only stock that had been subscribed or contracted for but also issued and outstanding stock. It would seem to us that the 20,897 shares issued to the old company was stock that had been actually subscribed for and was outstanding. (*Market St. Ry. Co. v. Hellman,* 109 Cal. 571, 42 Pac. 225.) Such stock was a part of the 1,007,497 shares which had been sold and transferred to the old company, which had not been transferred to its stockholders but stood in its name, the old company holding it as trustee for its stockholders entitled thereto. Neither the stockholders entitled to this stock, nor the directors or trustees of the old company were given notice of the calling of the stockholders' meeting. It is suggested, but there is no proof to support it, that the old corporation had forfeited its charter and therefore its directors were not entitled to notice of the call for meeting and that the stock not having been issued to the stockholders entitled thereto it was not votable stock. Even conceding that the old company was defunct, C. S., sec. 4767, provides that:

"Unless other persons are appointed by the court, the directors or managers of the affairs of such corporation at the time of its dissolution, are trustees of the creditors and stockholders, or members, of the corporation dissolved, and have full power to settle the affairs of the corporation."

The court not having appointed any person to take over the affairs of the old company its directors were therefore the trustees for the stockholders for whom the 20,897 shares were held and until this stock was issued to them the directors, as such trustees, had full power to represent such stock and to vote the same at any and all meetings of the stock-

holders of the new corporation and were entitled to partici-
pate in petitioning for the meeting and to notice of such
meeting. (*Market St. Ry. Co. v. Hellman, supra;* Fletcher
on Corporations, vol. 3, sec. 1666, p. ·2802; Thompson on
Corporations, 2d ed., vol. 1, sec. 865, p. 1059.)

Article 9, sec. 1 of the by-laws, *inter alia,* provides that:
"A representation of the majority of the subscribed stock
shall be necessary for the transaction of business at any
meeting of the stockholders"; also "Any regular or called
meeting of the stockholders of this corporation may adjourn
from day to day, or from time to time, if for any reason
there is not present a majority of the subscribed capital
stock . . . . " and further: "If an election has not been
held at the appointed time and no adjourned or other meet-
ing for the purpose has been ordered, a meeting may be
called by the stockholders representing one-half of the
capital stock of said corporation . . . . and it shall be the
duty of the secretary of this corporation upon a petition of
the stockholders representing one-half of the capital stock
of said corporation to give notice of such meeting as herein-
before provided, or such number of stockholders may ap-
point any stockholder that they may deem advisable to
give such notice."

Under the by-laws it would seem clear that there could be
no valid call for a stockholders' meeting by a stockholder
unless he was in the actual receipt and possession of au-
thority to call such meeting from stockholders representing
one-half of the capital stock, which is an essential prere-
quisite to a valid call. We think the rule to be well estab-
lished that there must be a strict compliance with the by-
laws or statutes governing corporations in order to authorize
the calling of a special meeting of stockholders and espe-
cially where it is called by a stockholder. (*Dolbear v. Wilkin-
son,* 172 Cal. 366, Ann. Cas. 1917E, 1001, 156 Pac. 488;
*Riggs v. Polk County,* 51 Or. 509, 95 Pac. 5; *Grant v. Elder,*
64 Colo. 104, 170 Pac. 198, and cases therein cited; 14 Cor-
pus Juris, sec. 1359, p. 887.) It would seem that the by-
laws, in providing that one-half of the capital stock of the

corporation should petition the secretary or upon his refusal a stockholder, to give notice of the calling of a stockholders' meeting, is not in conflict with any statute but is in harmony with the provisions of C. S., sec. 4709, providing what the by-laws shall contain.

It therefore follows that the court correctly found that there were 1,038,834 shares of the capital stock of appellant company outstanding at the time of the call and that the petition for the call was made by stockholders representing 515,530 shares, which was not one-half of the subscribed, issued and outstanding capital stock of the company. The call for the meeting of August 3, 1923, was therefore invalid, which being true, the meeting was invalid, there could be no valid election of directors and the election of secretary and treasurer was without authority and void.

The court correctly held that the petitions received from stockholders after the publication of the notice of the call were clearly inadmissible, for the reason that the stockholder making the call must have been authorized so to do by stockholders representing one-half of the outstanding capital stock at the time the call was made. In other words, the actual receipt and possession of petitions and authority of such number of stockholders was a condition precedent to a stockholder's authority to make a call.

Certain petitions and proxies were signed by executors and administrators of the estates of deceased persons and by guardians of the estates of minors owning stock in appellant corporation. These petitions and proxies were excluded by the trial court, except possibly where accompanied by certified copies of letters. While it is true that the shares of stock of the estate of a deceased person may be represented by his executor or administrator and shares of stock owned by the estate of a minor may be represented by his guardian under the provisions of C. S.; sec. 4719, proper evidence must be furnished by the person claiming to be such administrator, executor or guardian that he is such and this can only be done by the presentation of a certified copy of his letters, where the validity of the call for the

meeting is involved. (Thompson on Corporations, 2d ed., vol. 1, sec. 863, p. 1058.) Without deciding the question as to whether or not an administrator, executor or guardian may delegate his powers, it has been held that an executor may give a proxy where it contains express directions as to how the vote shall be cast, but not a proxy which is a complete delegation of his authority and permits the person to whom it is given to vote as he sees fit, as was done in this case. (*State v. Voight,* 2 Ohio App. Rep. 145; Fletcher on Corporations, vol. 3, sec. 1687, p. 2829.)

We have examined the numerous assignments of error relied upon by appellant touching the action of the court in admitting and refusing to admit, over objection, certain oral and documentary evidence, but find no reversible error. These questions become of minor importance, in view of the controlling question, as suggested in appellant's brief, wherein he states that "the main, controlling and pivotal question in the case is the question whether 20,897 shares could be considered in determining the majority of the capital stock of appellant corporation required for the calling and holding of an election."

The judgment of the lower court should be affirmed, and it is so ordered. Costs are awarded to respondent.

William A. Lee and Wm. E. Lee, JJ., concur.