Submitted on briefs, September 23, affirmed October 4, 1927.

# JAMES H. DRISCOLL v. KLAMATH COUNTY

## ET AL.

### (259 Pac. 915.)

**Statutes—Legislative Declaration must be Construed in Connection With All Other Provisions of Act.**

1. To ascertain intention of legislative declaration, it must be construed in connection with all other provisions of act of which it forms a part.

**Counties—Special Election Authorizing Bonds for Permanent Roads Held not Invalid Though Following, Within One Year, Election Authorizing Bonds to Discharge Certain Warrants and Interest (Or. L., §§ 4629, 4632; Laws 1913, p. 173, c. 103, § 8; Const., Art. XI, § 10, as Amended Nov. 2, 1926 [See Laws 1927, pp. 5, 11]).**

2. Section 4632, Or. L., which was Laws of 1913, page 173, Chapter 103, Section 8, providing that only one special election shall be held in any county within one year, refers only to elections called under Chapter 103, and therefore did not invalidate special election under Section 4629, Or. L., approving bonds for permanent road construction, which followed, within one year, special election under Constitution, Article XI, Section 10, as amended November 2, 1926 (see Laws 1927, pp. 5, 11), authorizing bonds to discharge certain warrants and accumulated interest.

Counties, 15 C. J., p. 617, n. 35 New.
Statutes, 36 Cyc., p. 1106, n. 29, p. 1128, n. 54, p. 1131, n. 75.

From Klamath: A. L. LEAVITT, Judge.

In Banc.

'AFFIRMED.

For appellant there was a brief over the name of *Messrs. Manning, McColloch & Driscoll.*

For respondents there was a brief over the name of *Mr. Wilson S. Wiley.*

ROSSMAN, J.—Plaintiff, a taxpayer of Klamath County, commenced this suit in the Circuit Court of

---

1. See 25 R. C. L. 1007.

that county to restrain the county commissioners from issuing and selling road construction bonds to the amount of $500,000. It appears from the complaint that prior to February 1, 1927, Klamath County had a large number of warrants outstanding, which it was unable to pay. In obedience to authority granted by Section 10, Article XI, Oregon Constitution, as amended November 2, 1926 (see Session Laws of 1927, pp. 5 and 11), an election was held in that county February 1, 1927, at which the voters authorized the issuance of bonds to the amount of $142,700 to discharge these warrants and accumulated interest. The complaint alleges that on June 28, 1927, another election was held in Klamath County pursuant to a petition of the voters as provided by Section 4629, Or. L. At this election, a majority of those voting approved the issuance and sale of $500,000 worth of bonds to enable the construction of permanent roads. It is the validity of these proposed bonds that is called in question by this suit.

The complaint sets forth the above matters in detail. It quotes Section 8 of Chapter 103, Session Laws of 1913, which is Section 4632, Or. L.

"Only one special election shall be held in any county in any one year."

The defendants demurred to the complaint on the ground that it does not state facts sufficient to constitute a cause of suit. From an order sustaining the demurrer, the plaintiff appealed.

It is the contention of the plaintiff that the elections of February 1st and June 28th were special elections, that Section 4632, Or. L., applies to all sorts of special elections, and that, therefore, the election of June 28th was void. The defendants contend that Section 4632 applies only to elections provided for by Chap-

ter 103, Session Laws of 1913, which is Sections 4625 to 4650, Or. L., and that since the election of February 1st was not called pursuant to Chapter 103, Section 8, has no application. The sole question submitted is the construction of Section 8, which constitutes only a small part of Chapter 103.

1. Without undertaking to set forth a summary of the twenty-five sections composing Chapter 103, it will suffice to say that the entire act relates to the initiation and conduct of elections for bonds for road construction purposes; it provides for a proclamation of the election returns; it sets forth how the County Court shall advertise and sell bonds voted; how the proceeds derived from bond issues shall be deposited and disbursed; it specifies the rate of interest, and designates the denomination of the bonds; it provides for sinking funds so that bond issues will be eventually retired. The whole act clearly indicates that the legislature was concerned solely with the matter of enabling counties to construct and maintain permanent highways. Section 8 should not be given a construction as though it stood by itself and was a legislative enactment sufficient unto itself. It should be construed with due regard to the legislative intent and purpose as gathered from the entire act. This court has said in *Riggs* v. *Polk County,* 51 Or. 509 (95 Pac. 5):

" * * Moreover, to ascertain the intention of a legislative declaration, it must be construed in connection with all other provisions of the act of which it forms a part."

In *Warm Springs Irr. Dist.* v. *Pacific Livestock Co.,* 89 Or. 19 (173 Pac. 265), this court said:

" * * In order to discern the legislative intent which is the main object we should look at the whole section and statute."

The application of this rule is illustrated in *Wong Sing* v. *Independence,* 47 Or. 231 (83 Pac. 387), and the rule is well expressed in 2 Lewis' Sutherland on Statutory Construction, Section 368, as follows:

"The practical inquiry is usually what a particular provision, clause or word means. To answer it one must proceed as he would with any other composition—construe it with reference to the leading idea or purpose of the whole instrument. A statute is passed as a whole and not in parts or sections and is animated by one general purpose and intent. Consequently each part or section should be construed in connection with every other part or section and so as to produce a harmonious whole. It is not proper to confine the attention to the one section to be construed."

The writer then quotes from *International Trust Co.* v. *American L. & I. Co.,* 62 Minn. 501 (65 N. W. 632), as follows:

"It is always an unsafe way of construing a statute or contract to divide it by a process of etymological dissection, into separate words, and then apply to each, thus separated from its context, some particular definition given by lexicographers, and then reconstruct the instrument upon the basis of these definitions. An instrument must always be construed as a whole, and the particular meaning to be attached to any word or phrase is usually to be ascertained from the context, the nature of the subject treated of and the purpose or intention of the parties who executed the contract, or of the body which enacted or framed the statute or constitution,"

2. These being the rules which should guide us, we are of the opinion that Section 8 refers only to elec-

tions called pursuant to the authority conferred by
Chapter 103, 1913 Session Laws. The court having
taken this view, the order of the Circuit Court sustaining the demurrer is affirmed.    AFFIRMED.