EMANUEL M. JOSEPHSON,

*vs.*

COSMOCOLOR CORPORATION, a corporation of the State of Delaware, WILLIAM MARTIN, HAROLD CHASE, OTTO GILMORE, CLIVE JOHNSON, and WALDO HATCH.

*Kent, February 7, 1949.*

*Max Terry,* and *Harold F. Levin,* of New York City, for plaintiff.

*Caleb S. Layton,* of the firm of Richards, Layton and

Finger, for Cosmocolor Corporation and individual defendants.

HARRINGTON, Chancellor: The question is whether Emanuel M. Josephson, the plaintiff, Alfred Farrell, C. T. Allen, Joseph Yakovleff and Frances Ormsby were legally elected directors of Cosmocolor Corporation at a purported special meeting of the stockholders held at Dover, June 8, 1948. The five individual defendants in the action were elected directors of the corporation at a meeting held May 1, 1939, and claim that they are still in office because there has been no valid election since.

Cosmocolor Corporation has but one class of stock, all of which has voting powers, and 277,700 shares had been issued and were outstanding prior to May, 1948. The corporate by-laws, in part, provide:

"Section 4. Special meetings of the stockholders of the Corporation may be held, upon call of the Chairman of the Board of Directors, the President, a Vice President, the Board of Directors, the Executive Committee or of the stockholders holding one-fourth of the outstanding capital stock having voting power. Such call shall state the time, place and purpose of the meeting.

"Section 5. Notice of the time and place of every meeting of stockholders and of the business to be acted on at such meeting shall be mailed by the Secretary or the officer performing his duties, at least ten days before the meeting, to each stockholder of record having voting power and entitled to such notice at his last known post office address; provided, however, that if a stockholder be present at a meeting, or in writing waive notice thereof before or after the meeting, notice of the meeting to such stockholder shall be unnecessary."

Emanuel M. Josephson had been a stockholder of the corporation since 1945, and in April or May, 1948, procured a certified list of the stockholders from the transfer agent. On May 25 and 26, 1948, he mailed notices to all of the record holders of the stock calling a special meeting at a specified hour and place at Dover on June 8 of that year. They were signed by Emanuel M. Josephson and Alfred Farrell "as stockholders and as representing by valid writ-

ten proxies stockholders owning and holding substantially more than one-fourth of Cosmocolor Corporation's outstanding capital stock having voting power." Dr. Josephson was then the record owner of 6,000 shares of stock of the corporation, and prior to May 26 he and Farrell had procured proxies from other record stockholders which, with the 6,000 shares, gave them the right to vote more than 80,000 shares. When the notices calling the meeting of June 8 were mailed, voting proxies in the usual printed form were enclosed, and by that date Dr. Josephson and Farrell had received signed proxies authorizing the voting of approximately 64,000 additional shares; so more than 144,000 shares were represented at that meeting, in person or by proxy, and were voted for the election of Emanuel M. Josephson and his associates above named as directors of Cosmocolor Corporation. But that does not determine the question.

The relation between the stockholders and the holders of their proxies was that of principal and agent, and the powers given were merely to vote the stock "as my proxy at any election." None of them purported to give Emanuel M. Josephson and Alfred Farrell the power to act for them and in their names in calling the meeting of June 8, and that power cannot be implied from the general authority given to vote their stock. *Cf. Cook on Corp.*, § 610. When the by-laws of a corporation provide that stockholders' meetings may be called by persons holding a certain proportion of the stock, a call by the holders of less than the required amount is invalid. 5 *Fletcher Cyclopedia Corp.*, (*Perm. Ed.*) 10, 11; *Dolbear v. Wilkinson*, 172 *Cal.* 366, 156 *P.* 488, *Ann. Cas.* 1917E, 1001; *Matthews v. Columbia Nat. Bank*, (*C.C.*) 79 *F.* 558, reversed on other grounds, *Columbia Nat. Bank v. Matthews*, (9 *Cir.*) 85 *F.* 934. The meeting of June 8, 1948, was therefore illegal. The alleged election of directors at that meeting was likewise illegal. *Riggs v. Polk County*, 51 *Or.* 509, 95 *P.* 5; 19 *C.J.S., Corporations*, § 717, *page* 35.

Other possible questions with respect to the sufficiency of the notice, had the agency of Emanuel M. Josephson and Alfred Farrell been proved, need not be considered. See 18, *C.J.S.*, *Corporations*, § 544, *page* 1227; *Reilly. v. Oglebay*, 25 *W. Va.* 36; *The Congregational Society of Bethany v. Sperry*, 10 *Conn.* 200; see also *Corp. By-laws* § 5.

A decree will be entered accordingly.