## VALIDITY OF PROXIES FOR VOTING STOCK.

Court of Appeals of Hamilton County.

STATE OF OHIO, ON THE RELATION OF WILLIAM L. VOIGHT, v.
SUSANNA M. VOIGHT, FRANK E. EDWARDS, FLORENCE G.
GOEBEL, JACOB HOFFMAN AND CHARLES McGOVERN.

Decided, July 21, 1913.

*Corporations—Proxy for Voting Stock—Can Not be Given by an Infant—How Such Authority Must be Exercised by an Executor.*

1. An infant has not authority or right to give a proxy for the voting of his or her stock in a corporation.
2. To render valid a proxy given by an executor it must be accompanied by a specific direction as to the manner in which the vote is to be cast, with no discretion whatever in the holder of the proxy, but authority only to perform the purely ministerial function of voting the stock as directed.

*Wm. Thorndyke,* for relator.
*Herman P. Goebel,* contra.

JONES, E. H., J.; SWING, J., and JONES, O. B., J., concur.

This is an action brought under Section 12303, General Code, against the defendants, who claimed to have been elected as directors of the United States Wall Paper Company, a corporation organized under the laws of the state of Ohio, at an election held in January, 1913.

The petition alleges that said election was illegal and void for certain reasons therein stated, and asks that this court will so declare, and that a judgment of ouster from the office of director of said corporation be entered against each and all of the defendants above named, and that an order be made inducting William L. Voight into office as one of the directors of said company.

Without entering fully into a statement of the facts and circumstances upon which relator relies, and proceeding to determine the points in controversy, we find, first: Upon the evidence adduced, that, for the purpose of voting at least, the one hundred shares of stock which had been hypothecated to Lewis Voight,

Senior, and then endorsed by him over to the United States Wall Paper Company to secure the payment to it of three notes given by the Lewis Voight Wall Paper Company, are the property of said Lewis Voight, Junior, and that the presiding officer at the meeting of the stockholders in January, at which said alleged election took place, was not warranted in refusing to permit said Lewis Voight, Junior, to vote said one hundred shares of stock. We base this conclusion upon the memorandum which Lewis Voight, Senior, on January 12, 1912, caused to be made on the books of the company, and also upon the fact that in his will probated in October, 1912, he forgave all the indebtedness due him from Lewis Voight, Junior.

Having held that Lewis Voight, Junior, had a right to vote these one hundred shares of stock, the other questions in the case became immaterial so far as the legality of the election of directors is concerned. But, there being the necessity for another election, for the guidance of the parties in the future we deem it our duty to say that an infant has no right to give a proxy to another to vote his or her stock in a corporation, and that in rejecting such votes no mistake was made at the January, 1913, election.

We are also of opinion that the executrix was without power to give a proxy such as was given to Mr. Edwards to be exercised by him at said election. A proxy given by an executor containing express directions for whom the votes shall be cast, might be, and indeed we think would be, valid and binding, but the proxy attempted to be given here was a complete delegation of the authority of an executrix and contrary to the spirit and letter of the law. The discretion lodged in an executor must be exercised by him alone and can not be delegated. See *Bocock* v. *Pavey*, 8 O. S., 270; *Allen* v. *Globe Insurance Co.*, 19 W. L. B., 198. After such discretion is exercised, the purely ministerial act of recording that discretion or announcing it by way of a vote may, we think, be exercised by another.

The prayer of the petition ousting the five defendants named from the office of directors of said United States Wall Paper Company will be granted, and no order of induction will be made.