

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-28-2006

# USA v. Ajetunmobi

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4782

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Ajetunmobi" (2006). *2006 Decisions*. Paper 1535.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1535

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-4782

UNITED STATES OF AMERICA

v.

NURAT FOLASHADE AJETUNMOBI,
Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Criminal No. 04-cr-00043-1
(Honorable Berle M. Schiller)

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 14, 2006

Before: SCIRICA, *Chief Judge*, BARRY and FISHER, *Circuit Judges*

(Filed:    February 28, 2006)

OPINION OF THE COURT

SCIRICA, *Chief Judge*.

       Defendant Nurat Folashade Ajetunmobi appeals from a judgment of conviction for

importing heroin.  We will affirm the judgment of conviction, but remand for

resentencing.

I.

Because we write only for the parties, our summary of the facts will be abbreviated.

Ajetunmobi was arrested on September 28, 2003, with five pounds of a substance containing heroin concealed in the lining of a plum-colored suitcase, at Philadelphia International Airport Customs inspection, having arrived from Nigeria via Paris. After a jury trial in the Eastern District of Pennsylvania on one count of importing one kilogram or more of heroin into the United States, in violation of 21 U.S.C. §§ 952(a) and 960(b)(1)(A), she was found guilty. The District Court sentenced her to 121 months imprisonment.

Ajetunmobi presents one issue for appeal,[1] contending the government failed to prove beyond a reasonable doubt that she knew the suitcase specifically contained a controlled substance, as opposed to contraband generally.

We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

---

[1]Ajetunmobi withdrew a second issue—contending denial of a fair trial because of a certain comment made to the jury by the "Court Security Officer"—when the factual basis for the objection was shown to have resulted from an error in transcribing the proceedings. A review of the tape recording of the proceedings shows the jury foreperson, and not the "Court Security Officer," made the challenged statement.

II.

Ajetunmobi contends the evidence at trial was insufficient to prove beyond a reasonable doubt that she knew a controlled substance, rather than some other contraband, was hidden in the altered lining of the suitcase she presented to the Customs inspector.

We will sustain a verdict if it is supported by "substantial evidence," viewing the evidence and the logical inferences in the light most favorable to the government. *United States v. Cartwright*, 359 F.3d 281, 285–86 (3d Cir. 2004). Substantial evidence is evidence that would permit a rational juror to find beyond a reasonable doubt each element of the crime charged. *Id.* at 286.

An element of illegal importation of drugs is the defendant's knowledge that the material being imported is a controlled substance. *See*, *e.g.*, *United States v. Caminos*, 770 F.2d 361, 365–66 (3d Cir. 1985). Evidence of knowledge is required even when it is "crystal clear" that the defendant "was—and knew that he was—involved in an illicit transaction of some sort." *United States v. Idowu*, 157 F.3d 265, 266 (3d Cir. 1998). Ajetunmobi does not dispute that a rational juror could find based on the record evidence that she knew she was carrying some sort of contraband.

We agree with the District Court that *United States v. Iafelice*, 978 F.2d 92 (3d Cir. 1992), supports the conclusion that a rational juror could infer knowledge of the drugs based on the evidence that Ajetunmobi owned and had exclusive control of the suitcase containing the heroin. In *Iafelice*, we upheld a conviction for possession of heroin with intent to distribute. There, the defendant sat in his parked car—which had drugs in plain

3

view in a bag in the trunk—and used a beeper to contact the person who actually retrieved and sold the drugs. We held that jurors may properly infer defendant's "knowledge of, and dominion and control over," drugs concealed in a container the defendant owns and operates, if the surrounding circumstances reinforce the significance of the defendant's ownership and operation. *See id.* at 97. Ajetunmobi's exclusive control if not ownership of the suitcase was sufficient for a jury to infer she knew the concealed contraband was a controlled substance.

Ajetunmobi seeks to distinguish *Iafelice*, contending that other evidence in that case—namely the defendant's use of a beeper, which is common in drug transactions, and the defendant's admitted ownership of the car—are not present in this case. She points out that she disclaimed ownership of the suitcase when she told Immigration and Customs Enforcement agents, "It's not my bag."[2] App. 147. But she does not deny possession. The crux of her argument is that mere possession is insufficient to establish knowledge in hidden contraband cases, even when coupled with some additional evidence suggesting consciousness of guilt, citing *United States v. Terselich*, 885 F.2d 1094, 1098–99 (3d Cir. 1989), and similar cases. In sum, she contends the government presented no evidence that she knew the contraband was a controlled substance.

But the government showed more than mere possession in this case. *Cf. Idowu*, 157 F.3d at 267–70 (finding no evidence defendant knew the type of contraband

---

[2]Ajetunmobi made this statement upon interrogation after the discovery of the heroin.

involved, when defendant possessed a bag with drugs hidden in the liner only long enough to ascertain that it was empty). Unlike the defendant in *Idowu*, Ajetunmobi admits she possessed her suitcase for a long period of time: at least as long as the time of a continuous journey spanning three continents. More than her exclusive possession of the suitcase, Ajetunmobi asserted to the Customs inspector that she packed the suitcase herself, that she owned everything in the suitcase, and that no one had given her anything to bring into the United States. Based on her statements and on her exclusive control of the suitcase, a rational juror could infer ownership in this case, and accordingly infer that she had dominion and control over the hidden contraband and find beyond a reasonable doubt she knew it was heroin.

There was additional evidence. The jury heard how Ajetunmobi flew with the plum-colored suitcase, containing five pounds of heroin, from Nigeria through Paris to Philadelphia. The suitcase's interior lining had been altered,[3] and the Customs inspector testified that the presence of the heroin and the alteration of the interior compartment made for a "very thick and rigid" backing to the suitcase. App. 114. It is undisputed that the suitcase had sparse contents—a blouse, two magazines, and a few bags of dried

_____

[3]The plum-colored suitcase is a rectangular wheeled suitcase with one main compartment. It is the size of typical carry-on luggage, with dimensions of approximately 20 inches by 14 inches by 9 inches. Someone glued the interior compartment's lining (made of fabric with a plastic backing) to the outer fabric, and between these two panels concealed five pounds of heroin. Neither the government nor Ajetunmobi established if Ajetunmobi checked any of the luggage.

fish—that would easily have fit in her other suitcase,[4] and which weighed much less than the five pounds of heroin.  Although disclaiming ownership of the plum-colored suitcase—a denial the jury was free to disbelieve—she never disclaimed knowledge of the bag's contents.[5]

### III.

For the foregoing reasons, we will affirm the judgment of conviction.  But because the District Court treated the Federal Sentencing Guidelines as mandatory, we will vacate the sentence and remand for resentencing pursuant to *United States v. Davis*, 407 F.3d 162 (3d Cir. 2005).  The government does not oppose remand.

---

[4]In addition to the plum-colored suitcase, Ajetunmobi presented a blue suitcase and a purse to the Customs inspector.

[5]After the Customs inspector found the heroin, Ajetunmobi made several misstatements, related to credibility, to two Special Agents from the Bureau of Immigration and Customs Enforcement.  For example, she gave a birth date that was a day off and provided the agents a return date inconsistent with her return ticket.